**KENTUCKY BAR ASSOCIATION, CLE Commission, Complainant,**

v.

**Keith Allen TRUMBO, Respondent.**

**No. 99–SC–77–KB.**

Supreme Court of Kentucky.

March 25, 1999.

## OPINION AND ORDER

Keith Allen Trumbo, whose address of record is Flemingsburg, Kentucky, was ordered by this Court to show cause why he should not be suspended from the practice of law in the Commonwealth of Kentucky for having failed to comply with Continuing Legal Education (CLE) requirements as set forth in SCR 3.661 for the educational year ending June 1998. Respondent has a deficiency of eleven CLE hours for that educational year.

Respondent received four notices and a statement of CLE noncompliance from the Kentucky Bar Association. No attempt was made by Respondent to seek an extension of time to complete the requirements. The Supreme Court of Kentucky issued a show cause order to Respondent on December 21, 1998. Respondent filed a document (letter) on January 12, 1999. Although the document was not styled as a responsive pleading, the CLE Commission and this Court have accepted it as such. Respondent admits that

he has not complied with SCR 3.661. Essentially, he claims he was too busy or too distracted by personal pursuits to comply with the requirements for maintaining his license to practice law. Having failed to show cause why he should not be suspended from the practice of law,

IT IS HEREBY ORDERED that Respondent, Keith Allen Trumbo, is suspended from the practice of law in this Commonwealth and shall surrender his license to practice.

IT IS FURTHER ORDERED THAT:

1. Respondent shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order restoring his membership in the Kentucky Bar Association.

2. Respondent shall not file an application for restoration until such time as any CLE deficiency of record and existing requirements are met as set forth in SCR 3.675(3). Any application for restoration shall be governed by SCR 3.500, the rule providing for restoration in cases of failure to comply with the continuing legal education requirement as provided by SCR 3.661 or successor to that rule in effect at the time of the application for restoration.

3. In accordance with SCR 3.450 and SCR 3.480(3), Respondent is directed to pay all costs associated with this disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this opinion and order.

4. Pursuant to SCR 3.390 it is hereby ordered that Respondent, within ten (10) days of the date of entry of this order, provide notice to any clients he is currently representing of his inability to provide further legal services, and to notify all courts of his inability to represent them, and of the necessity and urgency to promptly retain new counsel. Such notification shall be by letter duly and timely placed in the United States mail, and Respondent shall simultaneously and in the same manner provide a copy of all such letters to the director of the Kentucky Bar Association.

All concur.

ENTERED: March 25, 1999.

/s/ Joseph E. Lambert
Chief Justice