**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Keith A. TRUMBO, Respondent.**

No. 99–SC–1072–KB.

Supreme Court of Kentucky.

Jan. 20, 2000.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Reid Allen Glass, Kentucky Bar Association, Frankfort, for movant.

Keith A. Trumbo, Flemingsburg, for respondent.

## OPINION AND ORDER
## OF SUSPENSION

Keith A. Trumbo, of Flemingsburg, Kentucky, has admitted engaging in multiple acts of misconduct stemming from his representation of four clients in various legal matters. The misconduct includes acts of deception, misrepresentation, lack of diligence and competence, and retention of an unearned fee in violation of SCR 3.130–1.1, 1.3, 8.3(c) and 1.5(a). This is the second disciplinary proceeding against Trumbo, whom we previously suspended on March 25, 1999, for failing to comply with CLE requirements as set forth in SCR 3.661. *KBA v. Trumbo*, Ky., 986 S.W.2d 900 (1999). Following is a brief recitation of the current charges.

Count I of Charge No. 7132 arises from Trumbo's representation of a client in a personal injury action. After failing to comply with two scheduling orders, the circuit judge dismissed his client's case with prejudice. Trumbo admits he violated SCR 3.130–1.1 and 1.3 by failing to undertake necessary and appropriate action concerning his client's case so as to avoid its dismissal for failure to comply with the court's scheduling order.

Count II of Charge No. 7132 arises from Trumbo's agreement to represent a client in a matter involving termination of his parental rights. The fee agreement required the client to pay $500 down and $150 per week for a total fee of $2000. The client paid $400 toward his attorney fee. Trumbo provided no legal services and failed or refused to return the unearned fee. Trumbo admits that he violated SCR 3.130–1.5(a) when he accepted the fee from the client and provided no legal services to justify retention of the fee.

Count III of Charge No. 7132 emanates from Trumbo's representation of a client in an action to dissolve his marriage and for which a $350 fee was paid. Although he did not file the petition for dissolution,

Trumbo made statements to the client which led him to believe that his divorce case was pending. Trumbo admits he violated SCR 3.13–8.3(c) by accepting a fee from the client, having agreed to undertake the representation, and thereafter, having misled the client into the belief that he was a party to a pending divorce case, when in fact, he was not.

In Charge No. 7145, a client retained Trumbo to represent her in an action to dissolve her marriage. The client paid him $121 for filing fees and an additional $50 as a partial payment of his fee. Trumbo led the client to believe that her divorce case was pending in circuit court, when in fact a petition was not filed until later. When the petition was filed, it was defective because it did not meet statutory requirements. Contemporaneously with the filing of the petition, Trumbo filed a separation agreement signed by his client and her husband. The husband's signature, however, did not comport with the local rules because it was not properly notarized. As a result, the decree of dissolution of marriage that was entered was later set aside because of the noted defects. Trumbo admits he violated SCR 3.130–1.1 when he violated the local rules of court which resulted in the setting aside of his client's decree of dissolution. He further admits that he violated SCR 3.130–8.3(c) when he led his client to believe she had a pending divorce case, when in fact, she did not.

Because Trumbo has admitted violating numerous disciplinary rules, the only question before the trial commissioner was the degree of discipline to be imposed. In accordance with SCR 3.360(1)(d), and after having reviewed Trumbo's prior disciplinary record, the trial commissioner recommended that he be suspended from the practice of law for two years. Pursuant to SCR 3.360(4) and SCR 3.370(10), we adopt the decision of the Trial Commissioner for a two-year suspension.

It is hereby ORDERED that:

Keith A. Trumbo is suspended from the practice of law for two years from the date of entry of this order. This suspension is in addition to the suspension order in *Kentucky Bar Association v. Trumbo*, Ky., 986 S.W.2d 900 (1999). He shall not engage in the practice of law in the Commonwealth of Kentucky unless and until he is reinstated by order of this Court.

Trumbo may seek reinstatement at the expiration of his suspension under the provisions of SCR 3.510, regarding reinstatement in a case of a disciplinary suspension, or any successor or amendment to that Rule in effect at the time of his application for reinstatement.

Pursuant to SCR 3.390, Trumbo is hereby further ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

Trumbo is directed to pay all costs associated with this disciplinary proceedings against him, said amount being $1,062.91 and for which execution may issue from this court upon finality of this opinion and order.

All concur.

ENTERED: January 20, 2000

/s/ Joseph E. Lambert
Chief Justice.