KENTUCKY BAR ASSOCIATION,
Movant,

v.

Keith A. TRUMBO, Respondent.

No. 20000–SC–0085–KB.

Supreme Court of Kentucky.

April 20, 2000.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Reid Allen Glass, Kentucky Bar Association, Frankfort, for movant.

Keith A. Trumbo, Flemingsburg, Keith A. Trumbo, Maysville, for respondent.

## OPINION AND ORDER

Respondent, Keith A. Trumbo, was admitted to the practice of law in the Commonwealth of Kentucky in October of 1995. He was suspended from the practice of law in March of 1999 for failure to comply with the continuing legal education requirements of SCR 3.661, and he has not been reinstated to the practice of law as of this date. In May and August of 1999, the Inquiry Commission issued charges against Respondent regarding his representation of two separate clients. Both charges will be dealt with in this single Opinion and Order.

First, in May of 1999, the Inquiry Commission charged that Respondent violated SCR 3.130–1.1 or, in the alternative, violated SCR 3.130–1.3 when he failed to undertake reasonable, necessary, or appropriate action to advance or pursue the appeal of his client, Thomas Bruce, Ph.D. Respondent admitted to the allegations set forth in the charge, and the matter was submitted to the Board of Governors in accordance with SCR 3.210(2).

In its findings of fact and conclusions of law, the Board of Governors found that Dr. Bruce retained Respondent to file and prosecute an appeal from a judgment entered against him by the Hamilton County, Ohio Common Pleas Court. Respondent filed a notice of appeal in connection with the case, but the appeal was dismissed by the Ohio Court of Appeals because Respondent failed to undertake necessary or appropriate action to advance the appeal. Based on these facts, the Board, by unanimous vote, found Respondent guilty of violating SCR 3.130–1.3, failure to act with reasonable diligence and promptness. Given his history of no prior discipline, the Board recommended Respondent be suspended from the practice of law for a period of 181 days, concurrent with the penalty imposed in the following case.

In August of 1999, the Inquiry Commission issued a two-count charge against Respondent regarding his representation of William W. Florence. In the first count, the Commission charged Respondent violated SCR 3.130–1.5(c) by failing to have a written contingent fee agreement with Florence. In the second count, the Commission charged Respondent violated SCR 3.130–1.15(a) by depositing settlement proceeds belonging to Florence into his (Respondent's) own personal checking account. Respondent admitted to the allegations set forth in the charge, and the matter was submitted to the Board of Governors in accordance with SCR 3.210(2).

In its findings of fact and conclusions of law, the Board of Governors found that Mr. Florence retained Respondent to represent him on an employment claim against Mr. Florence's former employer, TechnoTrim, Inc. In December of 1997, Respondent, Florence, and TechnoTrim, entered into a settlement agreement resolving Mr. Florence's claims against the company. Pursuant to the settlement agreement, TechnoTrim agreed to pay the sum of $22,500.00 in three separate financial disbursements, two to Mr. Florence, and one to Respondent. In accordance with the settlement agreement, a check dated December 23, 1997, in the amount of $3,000.00, made payable to the order of William W. Florence, was sent to Respondent. A second check, dated December 23, 1997, in the amount of $17,000.00, made payable to the order of Mr. Florence, was also sent to Respondent. At the same time, a third check, dated December 23, 1997, in the amount of $2,500.00, made payable to the order of Respondent, was issued to Respondent.

Upon receipt of these three checks, Mr. Florence met Respondent at Respondent's law office, where Mr. Florence endorsed the checks in his name over to Respondent. In turn, Respondent issued a personal check to Mr. Florence in the amount of $16,000.00. Respondent then deposited the checks made payable to Mr. Florence into his personal account. By unanimous vote, the Board found Respondent violated SCR 3.130–1.15(a) by depositing settlement proceeds belonging to Florence into his (Respondent's) own personal checking account, and violated SCR 3.130–1.5(c) by failing to have a written contingency fee agreement with Mr. Florence. The Board recommended that Respondent be suspended from the practice of law for 181 days.

Respondent did not seek review of the Board's decision in either of the above cases. We believe the discipline the Board seeks to impose is appropriate given the nature of Respondent's violations of the code of professional conduct. Accordingly, this Court hereby adopts the recommendation of the Board.

Upon the foregoing facts and charges, it is ORDERED that:

1. Respondent, Keith A. Trumbo, is hereby suspended from the practice of law for a period of 181 days from the date of this order. The suspension shall continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent, Keith A. Trumbo, is directed to pay costs of this action in accordance with SCR 3.450, said sum being $151.38 ($91.69 in KBA File 7397, and $59.69 in KBA File 7422) for which execution may issue from this Court upon finality of this Opinion and Order.

3. In accordance with SCR 3.390, Trumbo shall within ten days from the entry of this order, notify all clients in writing of his inability to represent them, and also notify all courts in which he has

matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the director of the Kentucky Bar Association.

All concur.

ENTERED: April 20, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE