### KENTUCKY BAR ASSOCIATION, Movant,

v.

### Keith A. TRUMBO, Respondent.

### No. 2000–SC–0291–KB.

Supreme Court of Kentucky.

Sept. 28, 2000.

## OPINION AND ORDER

This matter is before us pursuant to SCR 3.210 and SCR 3.370, the Kentucky Bar Association having filed the record and Recommendation of the Board of Governors. Respondent, Keith Trumbo, was admitted to the practice of law in Kentucky on October 20, 1995. He was suspended by order of this Court on March 25, 1999, for failure to comply with Continuing Legal Education requirements, *Kentucky Bar Association v. Trumbo*, Ky., 986 S.W.2d 900 (1999), and has not, to date, been reinstated. In addition, an Opinion and Order was rendered on January 20, 2000, suspending Respondent from the practice of law for two years due to various ethical violations. *Kentucky Bar Association v. Trumbo*, Ky., 17 S.W.3d 856 (2000). Specifically, Respondent was found guilty of violating: SCR 3.130–1.1 and 1.3, when he failed to undertake necessary and appropriate action concerning a client's case so as to avoid its dismissal for failure to comply with the court's scheduling order; SCR 3.130–1.5(a), when he accepted a fee from a client and provided no legal services; SCR 3.13–8.3(c), by accepting a fee, having agreed to undertake representation, and thereafter misleading the client into the belief that she was a party to a pending divorce case when, in fact, she was not (2 separate incidents); and SCR 3.130–1.1, when he violated local rules which resulted in the setting aside of his client's decree of dissolution.

Finally, Respondent was suspended for 181 days by order of this Court entered April 20, 2000, for violations of: 3.130–1.5(c), by failing to have a written contingent fee agreement; SCR 3.130–1.15(a), by failing to maintain a client trust account and by depositing settlement proceeds belonging to his client into his personal checking account; and SCR 3.130–1.3, by failing to act with reasonable diligence and promptness which resulted in the dismissal of his client's appeal. *Kentucky Bar Association v. Trumbo*, Ky., 14 S.W.3d 921 (2000).

That brings us to the current matter. In October 1999, the Inquiry Commission issued a two-count charge against Respondent for violations of SCR 3.130–5.5(a), which prohibits practicing law in violation of a Supreme Court order; and 3.130–8.1(b), for failing to respond to a lawful request for information. These charges stem from the fact that shortly after Respondent was suspended for CLE noncompliance, he repeatedly telephoned the adjuster for a liability insurance company in an effort to complete settlement negotiations on behalf of his client in a pending wrongful death case. Respondent failed to inform the adjuster that he was under suspension. (The record does not indicate whether his client was so advised). After the Inquiry Commission issued its complaint and served Respondent with a copy of such, he failed or refused to file a response within the appropriate time period, despite deputy bar counsel's advisement that his failure to respond could subject him to a charge of professional misconduct.

The Board of Governors voted 19–0 as to Respondent's guilt on Count I, and 15–4 on Count II. The final recommendation was to suspend Respondent for a period of

90–days, consecutive to the existing orders of suspension. As he did below, Respondent has chosen to not participate in the proceedings before this Court. Therefore, this Court hereby adopts the recommendation of the Board.

Upon the foregoing facts and charges, it is ordered that:

1. Respondent, Keith A. Trumbo, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of ninety (90) days, to run consecutive to any and all current suspensions. The period of suspension shall continue until such time as Respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

2. In accordance with SCR 3.450 and SCR 3.480(3), Respondent is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $54.25. Upon the finality of this opinion, an order of execution may issue from this Court for said costs.

All concur.

ENTERED: September 28, 2000.

/s/ Joseph E. Lambert
Chief Justice