Keith Allan TRUMBO, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 1999–SC–0496–KB.

Supreme Court of Kentucky.

Nov. 21, 2001.

See also, 14 S.W.3d 921,

17 S.W.3d 856,

26 S.W.3d 792.

## OPINION AND ORDER

Movant, Keith Allan Trumbo, seeks a Restoration to the practice of law pursuant to SCR 3.370 and SCR 3.350. Movant was admitted to the practice of law in the Commonwealth of Kentucky in 1995. Movant's license to practice law was suspended by Order of the Supreme Court entered March 25, 1999, for failing to comply with Continuing Legal Education requirements. *Kentucky Bar Association v. Trumbo*, Ky., 986 S.W.2d 900 (1999). Movant filed his application for Restoration on May 18, 1999, at which time he was in compliance with CLE requirements. However, the CLE director, in Movant's certification letter, stated that certification

.... is valid through June 30, 1999. Should the reinstatement process continue past that date, Mr. Trumbo will be required to complete additional CLE credits as a condition precedent to reinstatement.

The Board of Governors first considered this Restoration case on June 15, 1999. And by Order dated July 7, 1999, the matter was referred to the Character and Fitness Committee pursuant to SCR 3.500(b). The Character and Fitness Committee rendered its Findings of Fact, Conclusions of Law, and Recommendation on September 23, 1999. The Committee recommended that Movant's Restoration be denied. The denial was based on three grounds:

1. Additional noncompliance with CLE requirements.

2. Failure to reply to a request for additional information.

3. Pending disciplinary charges against applicant at the time of his Application for Restoration.

A copy of the Recommendation of the Character and Fitness Committee was sent to the Movant at his 307 Russell Street, Flemingsburg, Kentucky, address on September 24, 1999. Pursuant to SCR 3.500(4), this matter came before the Board of Governors for review. On August 8, 2001, notification of the Board's review was sent to Movant at his three last known addresses: 102 Main Cross St., Flemingsburg, Kentucky 41041; 307 Russell Street, Flemingsburg, Kentucky 41041; 500 E. Anderson Lane, Apt. 160F, Austin, Texas 78752–1203.

On September 26, 2001, the Board of Governors voted 18 to 0 to recommend to this Court, pursuant to SCR 3.500, that Movant's application for Restoration be denied, and that the costs of $182.33, be assessed to the Movant. The Board based its decisions upon its following findings:

1. By Order entered January 20, 2000, the Supreme Court suspended Movant for a two year period, in addition to his CLE suspension, for ethical violations, on four cases, which included acts of deception, misrepresentation, lack of diligence and competence, and retention of an unearned fee in violation of SCR 3.130–1.1, 1.3, 8.3(c), and 1.5(a). *Kentucky Bar Association v. Trumbo*, Ky., 17 S.W.3d 856 (2000).

2. By Order entered April 20, 2000, the Supreme Court suspended Movant from the practice of law for 181 days on two separate cases involving ethical violations. *Kentucky Bar Asso-*

*ciation v. Trumbo,* Ky., 14 S.W.3d 921 (2000). This was a default case.

3.  By order entered September 28, 2000, the Supreme Court suspended Movant from the practice of law for practicing while suspended and failure to respond to a lawful request for information for a period of 90 days consecutive to all other pending suspensions. *Kentucky Bar Association v. Trumbo,* Ky., 26 S.W.3d 792 (2000).

Based on the foregoing, it is ordered that:

1.  Movant's Application for Restoration be denied.

2.  Movant is directed to pay all costs associated with this proceeding, said sum being $182.33.

All concur.

ENTERED: November 21, 2001.

/s/ Joseph E. Lambert
Chief Justice