**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Keith A. TRUMBO, KBA Member**
**No. 86125, Respondent.**

**No. 2002–SC–0862–KB.**

Supreme Court of Kentucky.

Feb. 20, 2003.

3. September 20, 2001.

quires an attorney to "act with reasonable diligence and promptness in representing a client";[1] (2) SCR 3.130–1.4(a) & (b), which require an attorney to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information"[2] and to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation";[3] (3) SCR 3.130–1.5(a), which provides that "[a] lawyer's fee shall be reasonable";[4] (4) SCR 3.130–1.16(d), which requires an attorney to "take steps to the extent reasonably practicable to protect a client's interests"[5] after termination of representation; (5) SCR 3.130–5.5(a), which prohibits an attorney from practicing law "where doing so violates the regulation of the legal profession in that jurisdiction";[6] and (6) SCR 3.130–8.3(c), which prohibits attorneys from engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation";[7]

Respondent filed no response to any of the charges, and the Inquiry Commission submitted the matter to the Board of Governors ("the Board") as an SCR 3.210(1) default case. After a de novo review of the charges, the Board unanimously found Respondent guilty of each ethical violation charged by the Inquiry Commission.

In its findings of fact as to KBA File 7726, the Board concluded that Respondent accepted representation of a client in a paternity matter, but, after filing an answer to the suit, failed to communicate further with his client:

## OPINION AND ORDER

Respondent, Keith A. Trumbo, whose last known address was in Flemingsburg, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 20, 1995. The instant action consolidates for this Court's consideration four (4) separate charges—KBA File Nos. 7726, 7891, 7857, and 8175—in which the Inquiry Commission charged Respondent with violating five (5) separate provisions of the Kentucky Rules of Professional Conduct: (1) SCR 3.130–1.3, which re-

1. SCR 3.130–1.3.

2. SCR 3.130–1.4(a).

3. SCR 3.130–1.4(b).

4. SCR 3.130–1.5(a).

5. SCR 3.130–1.16(d).

6. SCR 3.130–5.5(a).

7. SCR 3.130–8.3(c).

Jack Howard hired Respondent to defend him in a paternity suit. He paid Respondent $400.00 between October 20 and November 10, 1998. Respondent filed an answer on Mr. Howard's behalf and notified him of the time and date of the DNA test arranged by the Commonwealth. After that, no progress was made on Mr. Howard's case and Mr. Howard had difficulty communicating with Respondent.

Mr. Howard attempted to contact Respondent monthly to check on the status of the case but was not always able to reach him. Respondent never notified him of any court appearances or further developments in the case. Unbeknownst to Mr. Howard, the plaintiff filed a Motion for Summary Judgment and Order of Support which was heard on July 27, 1999. Neither Mr. Howard nor Respondent appeared at the hearing and summary judgment was entered for the plaintiff. Mr. Howard did not learn of the summary judgment until he received a letter from the Commonwealth in August 1999.

Upon receipt of the letter, Mr. Howard contacted Respondent. Respondent told him he was unaware a court date had been set and that he would check into the matter. Mr. Howard called Respondent repeatedly and left messages for him. Mr. Howard was eventually successful in setting up two appointments to meet with Respondent, but Respondent failed to show up at either of these appointments. Mr. Howard continued to try to reach Respondent, usually without success. Eventually, Respondent asked him if another attorney would take his case because he was relocating out west for awhile. Mr. Howard declined to find another attorney and reminded Respondent that he had paid him to take care of the case, so Respondent told him to call back in a few days.

After that, Mr. Howard was never able to reach Respondent again and Respondent never contacted him.

Accordingly, the Board found Respondent guilty of violating SCR 3.130–1.4(a) & (b) by failing to keep his client informed of the status of the action against him and by failing to explain to his client the legal effect of the summary judgment entered on behalf of the plaintiff.

The Board's findings of fact regarding KBA File No. 7891 identify similar ethical misconduct during Respondent's representation of a client in a sexual harassment matter:

Jenny Bussell hired Respondent to represent her in a sexual harassment case against her employer. She paid him a total of $650.00 between October 6, 1998 and January 29, 1999. Initially, Respondent led Ms. Bussell to believe that he was working on the case. He later told her he was going to turn the case over to another attorney. Ms. Bussell called Respondent on numerous occasions to ask about the status of the case and the name of the attorney who would be assuming her representation. Respondent failed to return Ms. Bussell's calls. Respondent then closed his office and moved away without notifying Ms. Bussell. She eventually found him in San Antonio, Texas and requested that he return her file so she could find another attorney. Respondent told her that he had mailed the file; however, she never received it.

Respondent did not tell Ms. Bussell that he had closed his office and moved to Texas nor did he secure substitute counsel for her. Respondent never returned Ms. Bussell's file despite her repeated requests for it, nor did he return her money.

Because Respondent failed to keep Ms. Bussell informed about the status of her case, the Board found Respondent guilty of another violation of SCR 3.130–1.4(a) & (b). In addition, the Board found Respondent guilty under this charge of violations of: (1) SCR 3.130–1.5(a) for charging an unreasonable fee for his representation; (2) SCR 3.130–1.3 for failing to diligently represent his client; and (3) SCR 3.130–8.3(c) by dishonestly and fraudulently deceiving or misrepresenting to his client that he was working on her case and securing other counsel to assist her.

In its findings of fact regarding KBA File No. 7857, the Board detailed further violations of the Kentucky Rules of Professional Conduct:

In early 1999, Harrietta Hampton met with Respondent and retained him to represent her in a dispute with her local bank regarding the bank's refusal to redeem her certificates of deposit. Respondent accepted $50.00 from Ms. Hampton to investigate the matter and present her claim to the bank. Respondent wrote a letter to the bank and on March 16, 1999, a bank employee faxed Respondent evidence that the certificates of deposit had already been redeemed. On March 25, 1999, Respondent was suspended from the practice of law for CLE non-compliance. He wrote to Ms. Hampton on April 3, 1999 advising her of that fact.

On April 8, 1999, Respondent again wrote to Ms. Hampton advising another attorney would be assuming responsibility for the case but stating he had received and reviewed copies of the bank's records and had devised a response to them. Some time after that, Respondent contacted Ms. Hampton and told her if she would bring in $1,000.00, he would start processing her claim. On June 14, 1999, Ms. Hampton brought in a check for $1,000.00, which Respondent filled out and made payable to himself. Respondent advised her it would be about two weeks. Respondent did nothing more on Ms. Hampton's claim and left town shortly thereafter without informing her he was leaving.

On the basis of these facts regarding Respondent's representation of Ms. Hampton, the Board found Respondent guilty under KBA File No. 7857 of violations of: (1) SCR 3.130–1.16(d), by failing to protect his client's interests and by failing to return the unearned $1,000.00 fee; and (2) SCR 3.130–8.3(c) in that he fraudulently and dishonestly deceived or misrepresented to Ms. Hampton that he was working on her case. In addition, under a subsequently-issued charge in KBA File No. 8175 regarding this same representation, the Board found Respondent guilty of a violation of SCR 3.130–5.5(a) for accepting a fee for future legal services from Ms. Hampton while suspended from the practice of law.

After considering the previous suspensions that this Court has imposed upon Respondent for past disciplinary violations [8] and his failure to satisfy minimum Continuing Legal Education require-

---

8. *See Kentucky Bar Association v. Trumbo*, Ky., 17 S.W.3d 856 (2000) (two (2) year suspension imposed in January 2000 for misconduct including "acts of deception, misrepresentation, lack of diligence and competence, and retention of an unearned fee"); *Kentucky Bar Association v. Trumbo*, Ky., 14 S.W.3d 921 (2000) (a one-hundred-eighty-one (181) day suspension imposed in May 2000 for fail-

ing to have a written contingent fee arrangement and for depositing settlement proceeds belonging to a client into his own personal checking account); *Kentucky Bar Association v. Trumbo*, Ky., 26 S.W.3d 792 (2000) (an additional ninety (90) day suspension imposed in September 2000 for conducting settlement negotiations on behalf of a client while suspended from the practice of law).

ments,[9] the Board recommended that Respondent be permanently disbarred from the practice of law in the Commonwealth of Kentucky. Respondent made no request under SCR 3.370(8) that this Court review the Board's recommendation, and, therefore, under SCR 3.370(10), this Court adopts the recommendation of the Board of Governors.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Keith A. Trumbo, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky and shall not be permitted to apply for reinstatement of his license to practice law. The period of disbarment shall commence on the date of entry of this Opinion and Order.

(2) In accordance with SCR 3.450 and SCR 3.480(3), Respondent is ordered to pay all costs associated with these disciplinary proceedings against him, said sum being three hundred eighty-six dollars and eighty cents ($386.80), and for which exe-cution may issue from this Court upon finality of this Opinion and Order.

(3) In accordance with SCR 3.390 and to the extent that he has not done so already, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he may have matters pending and all clients, of his inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters.

All concur.

Entered: February 20, 2003.

/s/ Joseph E. Lambert
    Chief Justice

---

**9.** *See Kentucky Bar Association v. Trumbo,* Ky., 986 S.W.2d 900 (1999).