Arthur P. HIPWELL, Movant

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2008–SC–000267–KB.

Supreme Court of Kentucky.

Oct. 27, 2008.

*OPINION AND ORDER*

The Kentucky Bar Association has charged Arthur P. Hipwell with practicing law without a license and with violating a Supreme Court Order suspending him from the practice of law. Hipwell admits his violations and has moved this Court for a one-year suspension. The KBA has stated it has no objection to this motion. For the following reasons, the motion is granted.

Hipwell graduated from the University of Louisville School of Law in 1976; and he was admitted to the practice of law in

Kentucky on October 21, 1976. He joined Louisville-based Humana, Inc., in 1979 as a tax attorney.

On January 10, 1985, this Court entered an order suspending Hipwell from the practice of law for non-payment of bar dues. Despite this suspension, he continued to progress through the ranks at Humana. Hipwell was named Vice–President and Associate General Counsel of Humana in 1990. In 1992, Humana made him its Senior Vice–President and General Counsel, a capacity in which he would serve almost continuously until 2007. At no time between 1985 and the present was Hipwell admitted to the practice of law in Kentucky or any other jurisdiction.[1] On March 7, 2007, the KBA's Inquiry Commission formally notified Hipwell of its investigation. Hipwell immediately stepped down as General Counsel of Humana but remained in his capacity as an executive.

In his motion, Hipwell admits he was aware that his license had been suspended but claims by way of mitigation that he did not believe performance of his duties as General Counsel for Humana constituted the practice of law that would require a license. He points out that at no time did he appear in any court on behalf of Humana while under suspension. Likewise, Hipwell claims he did not draft legal documents or otherwise perform legal work for the "general public." He further states:

> [T]he Movant never realized that the 'practice of law' requiring a license was so broadly defined as to include his activities at Humana. Instead, the Movant considered himself to be a business executive who used his legal education and training, along with business experience and his accounting training to perform his varied duties. . . .

SCR 3.020 defines the practice of law as:

> The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. . . .

 Hipwell admits his duties as Senior Vice–President and General Counsel included supervising the work of in-house attorneys, working with outside counsel, reviewing and approving reports from in-house and outside counsel. He also admits that he signed corporate documents for government agencies, including the Securities and Exchange Commission, in his capacity as General Counsel. Furthermore, the Humana corporate website stated that Hipwell's responsibilities included "providing strategic legal direction . . . compliance with Securities and Exchange Commission and New York Stock Exchange requirements . . . [and] litigation management." Clearly, these activities are within the ambit of the practice of law as contemplated by SCR 3.020 and, therefore, require appropriate licensure. While there are no allegations that Hipwell's unauthorized practice of law was undertaken for nefarious purposes or that it resulted in harm to the public or to Hipwell's employer, it is incumbent upon this Court to maintain the integrity of the profession by ensuring that those who hold themselves out to the public as attorneys are authorized to do so.

---

1. In 1985, this Court adopted SCR 2.111, which permits attorneys who perform strictly in-house legal counsel work to obtain a limited certificate of admission to practice in Kentucky, provided, among other things, that the attorney is admitted to practice and in good standing in another state. While this rule was adopted after Hipwell's suspension and has no direct application in this case, it bears mentioning here because it clearly enunciates the obligation upon in-house attorneys to seek the requisite licensure.

In its response, the KBA cites to a very recent opinion of the Supreme Court of Oklahoma concerning an attorney's petition for reinstatement to the state bar. In that case,[2] an attorney—Vice-President and Assistant General Counsel of an Ohio corporation—registered with the Ohio bar in 1985 as an in-house counsel, despite the fact that he had been unknowingly suspended from the practice of law by the Oklahoma Supreme Court in 1980 for non-payment of bar dues. As a result, the attorney practiced law without a license for 27 years. The Supreme Court of Oklahoma ultimately decided to reinstate the attorney but deferred reinstatement for a year, stating that "years of . . . unauthorized practice of the law cannot be ignored."[3] That case varies from the case at hand in two major respects. First, the attorney in the Oklahoma matter self-reported to the appropriate disciplinary authority after becoming aware of his violation. Secondly, Hipwell has not, as yet, made an application for reinstatement.

For his part, Hipwell now acknowledges that his formerly held belief that his activities at Humana did not amount to the practice of law was in error. In accepting responsibility for his violations of SCR 3.130–5.5(a) and SCR 3.130–3.4(c), he asks this Court to impose a one-year suspension against him. He further asks that this suspension be made to begin on May 5, 2007, the day he claims he brought his conduct into compliance with the KBA's request that he cease the unauthorized practice of law.

The KBA filed a response to Hipwell's motion, stating that it does not object to the discipline he has proposed. The motion, along with the relevant case law, was reviewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association before submission to this Court under the Office of Bar Counsel's standard procedure in consensual discipline cases. The KBA has certified the costs of this action to be $139.80.

Accordingly, we accept the proposed disposition in this matter, and we order that:

1) Arthur P. Hipwell is suspended from the practice of law for a period of one year, effective May 4, 2007;

2) Hipwell shall pay the costs of this action in the amount of $139.80, for which execution may issue from this Court upon finality of this Order; and

3) Hipwell shall notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar legal matters of his suspension.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCHRODER, SCOTT, and VENTERS, JJ., sitting. All concur.

ABRAMSON, J., not sitting.

ENTERED: October 23, 2008.

/s/ John D. Minton, Jr.
Chief Justice

---

**2.** *In re Reinstatement of DeBacker,* 184 P.3d 506 (Okla.2008).

**3.** *Id.* at 517