KENTUCKY BAR ASSOCIATION, Movant,

v.

William J. GRIDER, Respondent.

No. 2010–SC–000522–KB.

Supreme Court of Kentucky.

Oct. 21, 2010.

## OPINION AND ORDER

Respondent, William J. Grider, stands accused of violating several provisions of the Rules of Professional Responsibility for continuing to represent a client while suspended from the practice of law. The Board of Governors of the Kentucky Bar Association has recommended that Respondent, who was admitted to practice law in Kentucky in 1994, whose Bar Roster Address is 121 Republic Plaza, 200 South 7th Street, Louisville, Kentucky 40202, and whose KBA Member Number is 85171, be found to have committed the ethical violations and be suspended from the practice of law in this Commonwealth for one year. This Court, finding no reason for further review, adopts the recommendation of the Board.

On January 15, 2009, Respondent was suspended from the practice of law for failing to comply with continuing legal education requirements. The Office of Bar Counsel objected to his automatic reinstatement, presumably upon his satisfaction of the CLE requirements, because of pending disciplinary matters. On May 21, 2009, he was suspended for a fixed term (30 days) for disciplinary reasons. *Kentucky Bar Association v. Grider*, 282 S.W.3d 330 (Ky.2009). He has not yet been reinstated to the practice of law from this suspension.

Prior to his suspension, Respondent had been hired to represent George Amos in a domestic case in Jefferson Circuit Court. On February 19, 2009, he attended a mediation session and signed a mediation agreement on behalf of his client. On May 26, 2009, he filed a trial memorandum on behalf of his client. Respondent was still suspended from the practice of law on both occasions.

Respondent failed to reply to a request for information from the Office of Bar Counsel, to the Inquiry Commission's complaint against him, and to the subsequent charge, despite the fact that the latter two were personally served on him by the Jefferson County Sheriff's Department. Respondent still has not responded to the charge.

The Charge alleged violations of SCR 3.130–5.5(a) [1] for continuing to practice law after suspension of his license to do so; SCR 3.130–3.4(c) [2] for practicing law in direct disobedience of this Court's order of suspension; and SCR 3.130–8.1(b) [3] for failing to respond to the informational request from the Office of Bar Counsel, the complaint, and the charge.

The Board of Governors voted unanimously to find Respondent guilty on all three counts of the charge. Before voting on a recommended sanction, the Board reviewed Respondent's disciplinary histo-

---

1. At the time of the violations, SCR 3.130–5.5(a) stated: "A lawyer shall not ... [p]ractice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction...."

2. At the time of the violations SCR 3.130–3.4(c) stated: "A lawyer shall not ... knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists...."

3. At the time of the violations, SCR 3.130–8.1(b) stated in relevant part: "[A] lawyer ... in connection with a disciplinary matter ... shall not ... knowingly fail to respond to a lawful demand for information from a[ ] ... disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

ry, which included the following: a private admonition in 2004 for violating SCR 3.130–1.4(a) and –1.16(d); a thirty-day suspension in 2009 for violations of SCR 3.130–1.3, –1.4(a), and –1.16(d); and a continuing suspension since January 2009 for failing to comply with CLE requirements. After hearing of this history, the Board voted unanimously to recommend that Respondent be suspended for one year and be required to pay costs.

■ No review of the Board's recommendation, as allowed under SCR 3.370(8), was sought. Because the Board's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's history of prior discipline and the seriousness of the charges, this Court elects not to review the recommendation of the Board as allowed under to SCR 3.370(9). The recommendation of the Board is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, William J. Grider, is suspended from the practice of law in the Commonwealth of Kentucky for one year from the date of this Order.

(2) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all of his clients in writing of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and notify all courts in which he has matters pending of his suspension from the practice of law, and simultaneously furnish copies of all such letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $459.80, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 21, 2010.

/s/ John D. Minton, Jr.
    Chief Justice