**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Rebecca C. GEE, KBA Member No. 89333, Respondent.**

**No. 2011–SC–000771–KB.**

Supreme Court of Kentucky.

March 22, 2012.

**4.** 5 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 92.01[1] (2009).

**5.** *Adkins v. R & S Body Company,* 58 S.W.3d 428 (Ky.2001).

## OPINION AND ORDER

The Kentucky Bar Association ("KBA") recommends disciplinary action against Respondent, Rebecca C. Gee, a/k/a Rebecca C. Meyer, who was admitted to the practice of law in the Commonwealth of Kentucky on October 11, 2002, and whose KBA member number is 89333. Respondent's bar roster address is 302 Liming Farm Road, Mount Orab, Ohio 45154.

This Court suspended Ms. Gee from the practice of law in Kentucky on January 15, 2009 for non-payment of bar dues for the year 2008–2009, and for non-compliance with continuing legal education requirements for 2007–2008. Ms. Gee has not been reinstated.

Ms. Gee is also a member of the Ohio Bar and is associated with the law firm of Megalaner 85 Associates, LTD in Cincinnati, Ohio. The law firm's website continued to represent that Ms. Gee was a member of the KBA even though she had been suspended from the practice of law on January 15, 2009.

On September 28, 2009, Ms. Gee provided legal representation to Richard Young. Mr. Young was a Kentucky resident involved in an automobile accident in Covington, Kentucky. In the course of this representation, Ms. Gee sent a letter on firm stationery to an insurance company that insured a vehicle involved in the accident. In the letter, she stated that she was asserting a claim for Mr. Young to the insurance company.

On May 11, 2010, Ms. Gee was served a letter from the Office of Bar Counsel informing her that she had engaged in the unauthorized practice of law and requesting a response. Ms. Gee did not file a response.

On July 9, 2010, the Executive Director of the KBA sent a letter via certified mail to Ms. Gee, but Ms. Gee again did not respond. On November 4, 2010, the Inquiry Commission issued a Complaint which was served on Ms. Gee by certified mail on November 6, 2010. Ms. Gee failed to respond to the Complaint. She was then

sent a reminder letter and a second copy of the Complaint by certified mail which she signed for on December 1, 2010. However, she did not respond to the reminder letter or the Complaint.

On September 9, 2011, the Inquiry Commission of the KBA charged Ms. Gee with four violations of the Kentucky Rules of Professional Conduct. Count I charged her with a violation of SCR 3.130–3.4(c) for disobeying the order of the Kentucky Supreme Court suspending her from the practice of law in Kentucky; Count II charged her with a violation of SCR 3.130–5.5(a) for engaging in the unauthorized practice of law by sending a letter, while her Kentucky license to practice law was suspended, to an insurance company making a claim for a Kentucky resident for an accident occurring in Kentucky; Count III charged her with a violation of SCR 3.130–5.5(b)(2) for holding herself out, through her law firm's website, as a lawyer admitted to the practice of law in Kentucky while her Kentucky license to practice law was suspended; and Count IV charged Ms. Gee with violation of SCR 3.130–8.1(b) for failing to respond to the Inquiry Commission Complaint despite receiving notification from the Inquiry Commission through the Office of Bar Counsel and the Disciplinary Clerk.

 Due to Ms. Gee's repeated failures to respond, the Board of Governors ("Board") decided to treat this as a default case pursuant to SCR 3.210. The Board considered this matter on November 17, 2011. The Board unanimously found Ms. Gee guilty of all four counts charged by the Inquiry Commission and recommended that this Court suspend her from the practice of law for a period of sixty-one (61) days (consecutive to any other suspensions currently imposed). The Board further recommended, pursuant to SCR 3.450, that Ms. Gee pay the costs of this disciplinary proceeding.

Notice has not been filed, pursuant to SCR 3.370(8), for this Court to review the Board's decision nor do we elect to independently review the decision of the Board pursuant to SCR 3.370(8). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(9).

Accordingly, it is hereby ORDERED that:

(1) Respondent, Rebecca C. Gee, a/k/a Rebecca C. Meyer, KBA Member No. 89333, is hereby found guilty of violating SCR 3.130–3.4(c); SCR 3.130–5.5(a); SCR 3.130–5.5(b)(2); and SCR 3.130–8.1(b).

(2) Respondent is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of sixty-one (61) days, consecutive to any other suspensions currently imposed. This period of suspension shall commence upon the date of entry of this Opinion and Order.

(3) In accordance with SCR 3.450, Respondent is directed to pay costs of $233.05 associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) In accordance with SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order: (a) to the extent possible, cease and desist any advertising activities in which she is engaged; and (b) notify, in writing, all courts in which she may have matters pending, and all clients, of her inability to provide further legal services, and furnish the Director of the Kentucky Bar Association with a copy of all such letters. Further, Respondent is ordered to immediately cease and desist listing or identifying herself, in any manner, as a Kentucky attorney.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and VENTERS, JJ., concur. SCOTT, J., dissents.

ENTERED: March 22, 2012.

/s/ John D. Minton, Jr.
Chief Justice