**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**D. Anthony BRINKER, Respondent.**

No. 2013–SC–000046–KB.

Supreme Court of Kentucky.

April 25, 2013.

---

### OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association ("KBA") recommends that this Court suspend D. Anthony Brinker from the practice of law for violating Supreme Court Rule ("SCR") 3.130–5.5(a) (practicing law in violation of rules regulating the legal profession in this jurisdiction) and SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Brinker, whose KBA member number is 07614 and whose last known bar roster address is 301 Pike Street, Covington, KY 41011, was admitted to practice law in this Commonwealth on October 1, 1982. Finding sufficient cause based on Brinker's misconduct, this Court orders that Brinker serve a one-year suspension to run consecutively with his two previous one-year suspensions.

Brinker was suspended from the practice of law by this Court on October 21, 2010 for violation of a Supreme Court Order requiring him to pay a $750.00 fine for failure to comply with continuing legal education ("CLE") requirements. Prior to his suspension, Brinker agreed to represent Richard Young in a personal injury case. Brinker was contacted by Grace Thompson, a representative of Allstate Property and Casualty Company, in regards to Mr. Young's case. Following his October 21, 2010 suspension, Brinker continued to discuss Mr. Young's case with Ms. Thompson without notifying her of his suspension. When Ms. Thompson contacted the Kentucky Bar Association in an unrelated matter, she stated that Mr. Young was being represented by Brinker, whom she understood to be a "properly licensed attorney."

The Inquiry Commission ("Commission") issued a complaint which was served on Brinker by sheriff on March 1, 2012. Although the Complaint advised Brinker that failure to respond to the complaint could result in additional charges pursuant to SCR 3.130–8.1, Brinker failed to respond to the Complaint. The charge was served on Brinker on July 16, 2012 by certified mail. Having received no response from Brinker, the matter was submitted to the Board pursuant to SCR

$3.210(1).^{1}$ The Commission's charge alleged that Brinker violated SCR 3.130–5.5(a) (practicing law in violation of the regulation of the legal profession in this jurisdiction) and SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). The Board adjudged Brinker guilty of both charges.

Brinker has had prior disciplinary actions that resulted in sanctions. On March 18, 2010, this Court issued an order against Brinker finding him guilty of noncompliance with the annual CLE requirement for the 2008–09 educational year and ordering him to pay a $750.00 fine. Brinker failed to pay the ordered fine and failed to earn sufficient credits to cure his CLE deficiency. As a result, this Court suspended Brinker from the practice of law on October 21, 2010. *Kentucky Bar Association, CLE Commission v. Brinker*, 324 S.W.3d 401 (Ky.2010).

On June 10, 2011, the KBA privately admonished Brinker for violation of SCR 3.130–3.4(c)(knowingly disobeying an obligation of the rules of a tribunal), SCR 3.130–5.5(b)(2)(holding out admission to practice law when not admitted to practice), and SCR 3.130–5.5(a) (practicing law in violation of the regulation of the legal profession in this jurisdiction).

On September 21, 2012, Brinker received a one-year suspension to run consecutively to his then-current suspension for violation of SCR 3.130–3.4(c) (knowingly disobeying an obligation of the rules of a tribunal); SCR 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disci-

plinary authority); and SCR 3.130–8.4(c)(engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). *Kentucky Bar Association v. Brinker*, 377 S.W.3d 553 (Ky.2012).[2] The September 21, 2012 suspension provided conditions for reinstatement wherein Brinker would be required to apply to the KBA's Character and Fitness Committee before he could be reinstated to the practice of law. Brinker's license remains suspended under the October 21, 2010 suspension for CLE noncompliance.

Taking into account Brinker's prior discipline and applicable law, the Board recommends that this Court suspend Brinker from the practice of law for at least one (1) year. In support of this recommendation, the Board cites several cases with similar facts and outcomes. In *Kentucky Bar Association v. Grider*, 324 S.W.3d 411 (Ky. 2010), an attorney was suspended for CLE noncompliance and then received an additional thirty (30) day suspension for disciplinary reasons. While suspended, the attorney appeared at a mediation and filed a memorandum to the trial court on behalf of a client. 324 S.W.3d at 412. After failing to respond to a bar complaint in relation to his unauthorized practice of law, the attorney in *Grider* received a one-year suspension for his misconduct. *Id.* at 413. In *Kentucky Bar Association v. Gee*, 363 S.W.3d 343 (Ky.2012), an attorney sent a letter to an insurance company purporting to be asserting a claim on behalf of a client despite having received a suspension for CLE noncompliance. 363 S.W.3d at 345. The attorney then failed to respond to a bar complaint in the matter. *Id.* As a result, the attorney was suspended for six-

---

1. SCR 3.210(1) provides, "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

2. The conduct giving rise to Brinker's September 21, 2012 suspension occurred prior to his earlier October 21, 2010 suspension.

ty-one (61) days for her misconduct. *Id.* Unlike Brinker, the attorney in *Gee* had no prior disciplinary history. *Id.* In *Kentucky Bar Association v. Trumbo*, 26 S.W.3d 792 (Ky.2000), an attorney received a ninety (90) day suspension for practicing law while suspended and failing to respond to a bar complaint. In *Trumbo*, a suspended attorney continued to communicate with an insurance adjuster in an attempt to settle a case and failed to inform the adjuster that he was suspended from the practice of law. 26 S.W.3d at 794.

We find that a one-year suspension running consecutively with Brinker's current suspensions is the appropriate discipline in this matter. A one-year consecutive suspension is consistent with discipline this Court has imposed in similar cases. The previously discussed *Grider* case, in particular, is similar to the matter before this Court. Like the attorney in *Grider*, Brinker continued to hold himself out as properly licensed despite being suspended for CLE noncompliance. Grider was ultimately suspended for one year. 324 S.W.3d at 412–13. In *Hipwell v. Kentucky Bar Association*, 267 S.W.3d 682 (Ky. 2008), this Court suspended an attorney for one year when the attorney admitted to serving as general counsel for an insurance company after having received a suspension for non-payment of bar dues. Like the attorney in *Hipwell*, Brinker continued to practice law despite having received a suspension for administrative reasons. In *Kentucky Bar Association v. Roberts–Gibson*, 122 S.W.3d 69 (Ky.2003), an attorney received a two-year suspension to run consecutively with a current suspension for, among other violations, practicing law while suspended. The attorney in *Roberts–Gibson's* extensive disciplinary history included three suspensions, including a suspension arising from a previous violation of SCR 3.130–5.5(a). While Brinker's disciplinary history is not as lengthy as that of the attorney in *Roberts–Gibson*, Brinker was previously privately admonished for a violation of SCR 3.130–5.5(a). Additionally, Brinker's unauthorized practice appears to be limited to phone conversations with Ms. Thompson. This activity is similar to the telephone negotiations undertaken by the suspended attorney in *Trumbo*, 26 S.W.3d at 793. The attorney in *Trumbo* was suspended for ninety days for his misconduct, which included failing to respond to a bar complaint.

As stated by the Board in its Findings of Fact, Conclusions of Law, and Recommendations, Brinker's disciplinary history suggests a pattern of disrespect for the court system, the profession, and his role as an attorney. Upon review of the applicable case law and Brinker's disciplinary history, we find that a one-year suspension to run consecutively with his two previous one-year suspensions is an appropriate sanction for Brinker's misconduct. We further order that Brinker must appear before the KBA's Character and Fitness Committee for review prior to reinstatement.

Accordingly, the Court hereby ORDERS:

1. D. Anthony Brinker, KBA Member Number 07614, is suspended from the practice of law in this Commonwealth for one (1) year. This suspension shall run consecutively with the suspensions entered by this Court against the Respondent on October 21, 2010, and on September 21, 2012;

2. When, or if, D. Anthony Brinker seeks reinstatement of his license, his application shall be reviewed by the Character and Fitness Committee;

3. Pursuant to SCR 3.450, D. Anthony Brinker is directed to pay all costs associated with these disciplinary proceedings, in the amount $199.94, for which execution

 

may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. KELLER, J., not sitting.

ENTERED: April 25, 2013.

/s/ John D. Minton, Jr.