**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**Jason Robert GILBERT, Respondent.**

**No. 2014–SC–000138–KB.**

Supreme Court of Kentucky.

Sept. 18, 2014.

---

### OPINION AND ORDER

The Kentucky Bar Association ("KBA") petitions this Court to impose reciprocal discipline on Jason Robert Gilbert pursu-

ant to Supreme Court Rule ("SCR") 3.435. Gilbert was admitted to practice law in the Commonwealth of Kentucky on May 2, 2003. His bar roster address is 339 Rossford Avenue, Fort Thomas, Kentucky 41075, and his Kentucky Bar Association ("KBA") member number is 89149.

Gilbert obtained his Ohio license to practice law on November 13, 2001. He became licensed to practice law in Kentucky in 2003, and spent the first ten years of his career at the Kentucky Department of Public Advocacy. Because his position with Kentucky's DPA did not require him to practice law in Ohio, Gilbert placed his Ohio license on inactive status on September 1, 2005.[1]

During the summer of 2011, Gilbert began assisting the support staff of a disabled Ohio lawyer. What began as clerical and administrative work eventually drifted into actual legal work. Gilbert filed an answer and counterclaim on behalf of the disabled attorney's father in a matter relating to a foreclosure action. That case was ultimately settled. Gilbert also met with a past client of the disabled attorney to advise him on a life insurance matter. While he did not collect a fee from that client, he did consult with him and contact other interested parties in the matter before ultimately stopping communication with the client. In a third matter, Gilbert held two meetings with a client seeking a divorce. After collecting a $1,000.00 retainer, he drafted a few pleadings and did nothing more. Gilbert was also approached by a past client of the disabled attorney seeking a qualified domestic relations order. He was paid $525.00 to cover court costs. Gilbert prepared three different drafts of the order before ceasing communications with the client. He never completed the order. In all of the forego-

---

1. Gilbert's Kentucky license to practice law has remained active since 2003.

ing occasions during which fees were paid, Gilbert placed the monies in his business account.

The Ohio Board of Commissioners on Grievances and Discipline ("Ohio Board") considered a number of mitigating factors in recommending discipline, including the fact that Gilbert had no prior disciplinary history, that he fully cooperated with the disciplinary investigation, and made full restitution to all of the clients from whom he received retainers. On February 20, 2014, the Supreme Court of Ohio adopted a report of the Ohio Board, finding Gilbert guilty on multiple counts of violating Ohio Rules of Professional Conduct 5.5(a) (unauthorized practiced), 1.1 (competency), and 1.3 (lack of diligence). The Supreme Court of Ohio suspended Gilbert for one year, with the suspension probated on the conditions that Gilbert commit no further misconduct, pay the costs of the proceedings by the expiration of the one-year probated suspension, and notify the Ohio lawyer regulatory authorities whether he is practicing in Ohio during the one-year probated suspension so that a monitor can oversee his law practice.

The Ohio ethical rules violated by Gilbert are substantially comparable to our Kentucky Rules of Professional Conduct. Pursuant to SCR 3.435(4), Gilbert is subject to identical reciprocal discipline in the Commonwealth of Kentucky unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the Ohio disciplinary action, or (b) that his misconduct warrants substantially different discipline in this Commonwealth. At the request of the KBA, through the Office of Bar Counsel, this Court issued an order requiring Gilbert to show cause why he should not be disciplined in accordance with the Ohio Supreme Court order. Gilbert did not respond to the show cause order.

We have no grounds to find a lack of jurisdiction or fraud in bringing the disciplinary action on behalf of the Ohio authorities, nor do we find that Gilbert's misconduct warrants substantially different discipline in Kentucky. This Court has previously imposed discipline on attorneys who practiced law while suspended. *See Hipwell v. Kentucky Bar Ass'n,* 267 S.W.3d 682 (Ky.2008); *Kentucky Bar Ass'n v. Carter,* 986 S.W.2d 448 (Ky.1999); *Kentucky Bar Ass'n v. Roberts–Gibson,* 97 S.W.3d 450 (Ky.2003). While the Court acknowledges that Gilbert's Ohio license was inactive rather than suspended, he was nevertheless prohibited from practicing law during the relevant time period.

As Gilbert has failed to show cause why identical reciprocal discipline should not be imposed in this jurisdiction under SCR 3.435, and seeing no reason why Gilbert should not be subjected to identical discipline in this state, this Court ORDERS:

1. Jason Robert Gilbert is retroactively suspended from the practice of law in the Commonwealth of Kentucky for one (1) year, effective February 20, 2014, with the suspension probated on the condition that he receive no additional disciplinary charges during that period;

2. Pursuant to SCR 3.450, Gilbert is directed to pay all costs associated with these disciplinary proceedings which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: September 18, 2014.

/S/ John D. Minton, Jr.