TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000101-KB

DATE 6-28-16 ExAGrount D.C.

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                              IN SUPREME COURT

JAMES WALKER BRYANT                                    RESPONDENT

## OPINION AND ORDER

James Walker Bryant was admitted to the practice of law in the Commonwealth of Kentucky on September 19, 1972. His Kentucky Bar Association (KBA) number is 08750 and his bar roster address is 7003 Green Spring Dr., Louisville, Kentucky, 40241. The KBA's Board of Governors considered two counts against Bryant in this matter. The charge reached the Board as a default case pursuant to SCR 3.210 when Bryant failed to respond. With two members recusing, the remaining members of the Board unanimously found Bryant guilty of both counts. The Board recommends this Court suspend Bryant from the practice of law for sixty days.

Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of review with this Court. If neither party files a notice of review (as is the case here), this Court has two options: 1) under SCR 3.370(8) we may inform Bar Counsel and Respondent that we will review the decision and order

the parties to file briefs or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. We exercise our authority under SCR 3.370(9) and adopt the recommendation of the Board.

## I. BACKGROUND

Bryant failed to attain his required Continuing Legal Education credits in 2011—even after the KBA granted him a hardship extension. This Court ultimately suspended Bryant from the practice of law on January 23, 2013 for noncompliance with CLE requirements and failure to pay KBA member dues. On June 14, 2013—while still suspended—Bryant filed a lawsuit in the Taylor Circuit Court. He engaged in settlement negotiations and ultimately submitted an agreed order dismissing the matter with all issues resolved on December 5, 2013. The Taylor Circuit Court entered a dismissal order on December 19 of the same year.

The Inquiry Commission sent an investigative letter to Bryant in September 2013 requesting an explanation of his conduct. Bryant did not respond to the request. The KBA issued a complaint requesting additional information about Bryant's suspected practice of law in violation of this Court's order of suspension and his failure to respond to the investigation. Bryant still did not respond. The Inquiry Commission filed a charge against Bryant in January 2015, alleging that he violated SCR 3.130-5.5 ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.") and SCR 3.130-

2

8.1 ("[A] lawyer . . . shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . .").

The KBA sent the charge to Bryant via certified mail, but it was returned as unclaimed. The Jefferson County Sherriff's office ultimately served Bryant personally. He did not answer the charge.

## II. ANALYSIS

In reaching its recommendation for disciplinary action, the Board of Governors considered the fact that Bryant's only prior disciplinary problem was a suspension for failure to comply with CLE requirements in 2001 as a mitigating factor. It considered his extensive experience in the practice of law as an aggravating factor. Based on our precedent, we agree with the Board and adopt its recommendation to suspend Bryant from the practice of law for sixty days.

For example, in *Kentucky Bar Ass'n v. Grider*, 324 S.W.3d 411, 413 (Ky. 2010), this Court suspended Grider for one year for practicing law during a thirty-day suspension imposed by this Court for other ethical violations. Grider also failed to respond to the KBA's charges against him. Unlike Bryant, however, Grider had past disciplinary problems. We considered this history in suspending him for an additional year.

In a similar case, we adopted the Board's recommendation to suspend an attorney for sixty-one days in *Kentucky Bar Ass'n v. Gee*, 363 S.W.3d 343, 345 (Ky. 2012). Gee was suspended from the practice of law for failing to pay her bar dues and for failing to complete her CLE requirements. During that

3

suspension, Gee represented a client in a legal matter. The law firm in Ohio for which she worked also held Gee out to be a KBA member on its website during her suspension. Furthermore, Gee failed to respond to the Inquiry Commission's charges against her.

Bryant's case is more akin to Gee's than to Grider's. Both Gee and Bryant were suspended for failure to pay bar dues and complete CLE requirements when they practiced law in violation of their suspensions. Neither had a prior disciplinary history for any other types of ethical violations. Therefore, we agree with the Board of Governors' recommendation and suspend Bryant from the practice of law for sixty days.

### III. ORDER

Agreeing that the Board's recommendation is appropriate, it is ORDERED that:

1. James Walker Bryant, is found guilty of violating the Rules of Professional Responsibility as described above.

2. Bryant is suspended from the practice of law in the Commonwealth of Kentucky for sixty days. The suspension imposed by this order shall be consecutive to any other ordered suspension in effect.

3. In accordance with SCR 3.450, Bryant is directed to pay all costs associated with these disciplinary proceedings against him, said sum

4

being $908.87, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 16, 2016.

_____

CHIEF JUSTICE