**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Jamie Kay ROBERTS–GIBSON, KBA Member # 84027, Respondent.**

**No. 2002–SC–0861–KB.**

Supreme Court of Kentucky.

Feb. 20, 2003.

### OPINION AND ORDER

The Kentucky Bar Association (KBA) brought this action against Respondent, Jamie Kay Roberts–Gibson, charging her with three counts of unethical behavior and unprofessional conduct. The KBA claims that Respondent violated: (1) SCR 3.130–5.5(a) by continuing to practice law after this Court suspended her license on January 2, 2001 for her failure to comply with CLE requirements; (2) SCR 3.130–8.3(c) by misrepresenting her status as an attorney to the Jefferson Family Court and her clients; and (3) SCR 3.130–8.1(b) by failing to acknowledge or answer the complaint she received from the Inquiry Commission, and by failing to respond to a letter from the KBA Office of Bar Counsel sent to her on March 13, 2002.

On January 2, 2001, this Court issued an order suspending Respondent from the practice of law for failing to comply with her CLE requirements. Respondent subsequently requested and received information from the KBA about restoring her license and membership. However, Respondent never filed an application to restore her license to practice law.

Despite her suspension, Respondent continued to represent three clients for whom she previously had been appointed guardian ad litem in proceedings before the Jefferson Family Court on January 11, February 1, April 19, and May 31, 2001. In addition, Respondent continued to accept new appointments as a guardian ad litem after her suspension. On March 29, 2001, the Jefferson Family Court appointed Respondent as guardian ad litem on behalf of a minor, and she subsequently represented this minor at a hearing on April 26, 2001. On May 3, 2001, five months after her suspension, Respondent accepted an appointment as a guardian ad litem for another minor, whom she later represented at a pre-trial conference.

After learning of Respondent's actions, the Inquiry Commission issued a complaint, which was served upon Respondent at her address by a Jefferson County deputy sheriff on February 20, 2002. On March 13, 2002, the KBA Office of Bar Counsel sent Respondent a letter informing her of her duty to respond to the Inquiry Commission's complaint under SCR 3.130–8.1(b) and alerting her to the fact that she had not done so. Respondent never responded to the Inquiry Commission's complaint or the subsequent letter issued by the Office of Bar Counsel, and this case then proceeded to the KBA Board of Governors as a default proceeding pursuant to SCR 3.210(1).

The Board of Governors reviewed the Inquiry Commission's complaint and rendered its decision on October 15, 2002, finding Respondent guilty of three counts of professional misconduct: (1) a violation of SCR 3.130–5.5(a) for continuing to practice law after the suspension of her license; (2) a violation of SCR 3.130–8.3(c) for engaging in conduct involving dishonesty, deceit, or misrepresentation by misrepresenting her status as an attorney to the trial court and her clients; (3) a violation of SCR 3.130–8.1(b) for failing to respond to the Inquiry Commission's complaint and the subsequent warning letter sent to her by the Office of Bar Counsel. The Board recommends that Respondent be suspended from the practice of law for 181 days. Respondent has not filed a request pursuant to SCR 3.370(8) for review by this Court.

Upon the foregoing facts and charges, it is ordered that the recommendation of the KBA Board of Governors be adopted. Therefore, it is ordered that:

1. Respondent Jamie K. Roberts–Gibson be suspended from the practice of law for 181 days.

2. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

3. Respondent, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $89.97, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: February 20, 2003.

/s/ Joseph E. Lambert
CHIEF JUSTICE