**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Jamie Kay ROBERTS, A/K/A, Jamie Kay Roberts Gibson, Respondent.**

**No. 2003–SC–0510–KB.**

Supreme Court of Kentucky.

Sept. 18, 2003.

Bruce K. Davis, Executive Director, Jane H. Herrick, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Complainant.

Jamie K. Roberts, Louisville, Counsel for Respondent.

**OPINION AND ORDER OF SUSPENSION**

Jamie Kay Roberts, a/k/a Jamie Kay Roberts Gibson, KBA No. 84027, of Louisville, Kentucky was charged by the Inquiry Commission with six disciplinary violations.

The violations are as follows:

1) SCR 3.130–1.3, failure to exercise reasonable diligence and promptness in the representation of a client; 2) SCR 3.130–1.4(a), failure to keep a client reasonably informed about her case and failure to comply with a reasonable request for information; 3) SCR 3.130–1.16(d), failure to provide a client with the original or a copy of her file upon termination of the representation; 4) SCR 3.130–5.5(a), practicing law while suspended; 5) SCR 3.130–

8.3(c), conduct involving dishonesty, fraud, deceit or misrepresentation by making re- peated untruthful statements to her client; and 6) SCR 3.130–8.1(b), failure to know- ingly respond to a lawful demand for infor- mation from the disciplinary authority.

No response to the charges was filed. Service of the complaint and a warning letter was made by the Jefferson County Sheriff.

Roberts was hired to represent the client on a contingent fee arrangement in a personal injury action stemming from an automobile accident in 1997. The client never received a copy of the agreement. The client was advised that the suit had been filed and the suit was progressing. The lawyer made representations that she had discussed settlement and rejected a specific offer. There is no evidence that the lawyer ever filed a suit on the matter and the case was not settled. There is no evidence that the lawyer negotiated with any opposing counsel or any other person regarding settlement.

On January 3, 2001, this Court suspend- ed Roberts from the practice of law for failure to comply with continuing legal ed- ucation requirements. The lawyer did not tell the client about the suspension and after the suspension, continued to give re- assurances and representations about the case to the client.

Beginning in January 2001, the client and her husband made repeated requests for file materials. The client learned of the suspension and told the lawyer of her discovery. The lawyer specifically told the client she was not suspended from the practice of law and had a settlement offer. She continued to give the client reassur- ances about the case, but failed to respond to additional requests for information or surrender the file to the client.

On February 20, 2003, this Court sus- pended Roberts for 181 days. *Kentucky Bar Ass'n v. Roberts–Gibson*, Ky., 97 S.W.3d 450 (2003). In that default case, this Court determined that Roberts was guilty of violating SCR 3.130–5.5(a) by con- tinuing to practice law after the suspension of her license in 2001 for failure to comply with CLE requirements; for a violation of SCR 3.130–8.3(c) by misrepresenting her status as an attorney to the Jefferson Family Court and to her clients, and SCR 3.130–8.1(b) for failure to respond to the bar complaint or acknowledge its receipt.

In the prior discipline, Roberts contin- ued to act as a guardian ad litem in Jeffer- son Family Court after she had been sus- pended for the CLE violations. Roberts was aware of the suspension because, ac- cording to KBA records, she requested information about restoration, but never filed such an application.

In Charges 1 through 5, the Board of Governors of the Kentucky Bar Associa- tion voted 21–0 for guilt and in Charge 6 voted 18–3 for guilt. The Board then vot- ed 21–0 to suspend Roberts for a period of three years to run consecutively with her current suspension.

Roberts made no request pursuant to SCR 3.370(8) that this Court review the Board's recommendation, and this Court declines to initiate such review. Conse- quently, pursuant to SCR 3.370(10), the recommendation of the Board of Gover- nors is adopted by this Court.

Upon the foregoing facts and charges, it is therefore ORDERED that:

1) Jamie Kay Roberts be and is hereby suspended from the practice of law for three years, to run consecutively from her current suspension.

2) Pursuant to SCR 3.450, Roberts is directed to pay all costs associated with these disciplinary proceedings in

the amount of $142.50, for which execution may issue from this Court upon finality of this Opinion and Order.

3) Pursuant to SCR 3.390, Roberts shall, within ten (10) days from the entry of this opinion and order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4) Roberts is also ordered to immediately cancel any and all advertising in which she may be engaged to the extent possible.

All concur.

ENTERED: September 18, 2003

/s/ Joseph E. Lambert
CHIEF JUSTICE