**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Jamie Kay ROBERTS–GIBSON,**
Respondent.

**No. 2003–SC–0681–KB.**

Supreme Court of Kentucky.

Dec. 18, 2003.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

The Kentucky Bar Association brought this action against Respondent, Jamie Kay Roberts–Gibson, a/k/a Jamie Kay Roberts, of Louisville, Kentucky. The Inquiry Commission charged the Respondent with the following five violations: (1) SCR 3.130–5.5(a), practicing law while suspended; (2) SCR 3.130–1.3, failure to exercise reasonable diligence and promptness in the representation of a client; (3) SCR 3.130–1.4(a), failure to keep a client reasonably informed about a case and failure to comply with a reasonable request for information; (4) SCR 3.130–8.3(c), conduct involving dishonesty, fraud, deceit or misrepresentation by making untruthful statements to a client; and (5) SCR 3.130–8.1(b), failure to knowingly respond to a lawful demand for information from the disciplinary authority. Respondent filed no response.

Respondent was suspended from the practice of law on January 2, 2001, for failure to comply with her continuing legal education requirements. She was aware of her suspension because she inquired

with the KBA as to the procedure for reinstatement. However, Respondent did not take any additional measures to actually be restored or reinstated to practice.

Despite the suspension, Respondent accepted employment from a client to draft and enter a Qualified Domestic Relations Order in June of 2001. The client paid the Respondent Three Hundred Dollars ($300) as a fee, but the Respondent failed to file the order. Nor did the Respondent inform the client of her suspension. The client made repeated attempts to contact Respondent concerning the matter and to request information, but to no avail. Shortly thereafter, the client learned of Respondent's suspension and filed this complaint.

Respondent has a significant prior disciplinary history. As stated above, Respondent was suspended from practice on January 2, 2001, for failure to fulfill her continuing legal education requirements. On February 20, 2003, this Court suspended Respondent for one hundred eighty (180) days. *Kentucky Bar Association v. Roberts–Gibson,* Ky., 97 S.W.3d 450 (2003). In that second disciplinary action, the record established that Respondent continued to act as a guardian ad litem before the Jefferson Family Court, and even accepted new appointments as a guardian ad litem, despite the January 2001 suspension. In addition to practicing law while suspended, this Court determined that Respondent had also violated SCR 3.130–8.3(c) by misrepresenting her status as an attorney to the Jefferson Family Court and her clients, and SCR 3.130–8.1(b) for her failure to respond to the bar complaint or acknowledge its receipt.

On September 18, 2003, this Court issued a third suspension. *Kentucky Bar Association v. Roberts,* Ky., 114 S.W.3d 843 (2003). In this most recent disciplin-

ary action, Respondent was suspended for an additional three years for six disciplinary violations. The record established that Respondent was hired to represent a client in 1997 regarding a personal injury matter on a contingent fee basis without providing a written fee agreement. Although she had not even filed the claim, Respondent made misrepresentations to the client concerning the status of the claim and the existence of settlement offers. In addition, the client made repeated requests for information, which were ignored. Finally, the client learned of the suspension, which Respondent specifically denied, and filed a complaint. Again, Respondent violated SCR 3.130–8.1(b) for her failure to knowingly respond to a lawful demand for information from the disciplinary authority.

As to the present violations, a vote was taken concerning Charges 1 through 4, and the Board of Governors of the Kentucky Bar Association voted 17–0 for guilt. As to Charge 5, the Board voted 16–1 for guilt. The Board then voted 12–5 to recommend the addition of a two-year suspension to all currently imposed penalties. The five Board members in the minority would have disbarred Respondent. Respondent has made no request pursuant to SCR 3.370(8) that this Court review the Board of Governor's recommendation and this Court declines to initiate a review. Therefore, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted.

Upon the foregoing facts and charges, it is therefore ORDERED that:

1) Jamie Kay Roberts–Gibson be and is hereby suspended from the practice of law for a period of two years, to run consecutively from her current suspensions.

2) Pursuant to SCR 3.450, Roberts–Gibson is directed to pay all costs associated

with these disciplinary proceedings in the amount of $133.98, for which execution may issue from this Court upon finality of this Opinion and Order.

3) Pursuant to SCR 3.390, and to the extent that she has not already done so, Roberts–Gibson shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4) Roberts–Gibson is also ordered to immediately cancel any and all advertising in which she may be engaged to the extent possible.

All concur.