KENTUCKY BAR ASSOCIATION, Complainant,

v.

William T. KLAPHEKE, II, Respondent.

No. 2003–SC–0827–KB.

Supreme Court of Kentucky.

Dec. 18, 2003.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jay R. Garrett, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Complainant.

William Thomas Klapheke, Louisville, Counsel for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

William T. Klapheke, II, KBA No. 39143, was adjudged guilty of six counts of professional misconduct arising out of two separate disciplinary cases, KBA File 8579 and 8597. The Board of Governors ("Board") has recommended that Klapheke be suspended for one year following the conclusion of his current three-year suspension.

The first disciplinary case presents the following facts. On February 15, 1999, Respondent was hired by the co-administrators of the Lois H. Lockhart estate. On November 22, 2000, this Court suspended Respondent from the practice of law for three years. At that time the Lockhart estate was not finalized, and Respondent failed to notify the co-administrators of his suspension and inability to further represent them. In the spring of 2001, the Barren District Court notified the co-administrators that they had thirty days to file the final report for the estate.

They notified Respondent but when he failed to take action the co-administrators sent Klapheke a letter requesting return of $1000.00 of the $1847.00 fee they paid to him. On May 21, 2001, a bar complaint alleging misconduct was filed with the Kentucky Bar Association. Respondent failed to respond to the Kentucky Bar Association after he was served with the bar complaint. On November 5, 2001, the Inquiry Commission charged Respondent with violating SCR 3.130–1.16(d) (duties upon termination of representation); SCR 3.130–1.4(a) and (b) (duties to communicate with clients); SCR 3.130–3.4(c) (duty to obey the rules of a tribunal); and SCR 3.130–8.1(b) (duty to respond to a disciplinary authority). A full evidentiary hearing was held by the trial commissioner, and Respondent was found guilty of committing the alleged misconduct.

The second case presents these facts. On February 18, 2000, Ms. Boles, the surviving spouse, was appointed administrator of the Judge M. Boles estate and Mrs. Boles hired Respondent as counsel for the estate. As in the other case, Respondent did not notify Ms. Boles of his suspension from the practice of law ordered by this Court on November 22, 2000. He continued to represent the estate through correspondence to beneficiaries of the estate, preparation of documents, and solicitation of answers to questions concerning the estate. On November 29, 2000, Respondent wrote Ms. Boles declaring to her that the estate was finalized; yet the estate was not complete on that date. On May 31, 2001, a bar complaint was filed and again Respondent did not file a response.

On November 5, 2001, the Inquiry Commission charged Respondent with violating SCR 3.130–5.5(a) (unauthorized practice of law) and SCR 3.130–8.1(b) (duty to respond to a disciplinary authority). Following the evidentiary hearing, he was found

guilty of committing the alleged misconduct.

The Board considered both of these cases and in light of Respondent's previous suspension, which he is still serving, recommended one additional year of suspension for each case to be concurrent with the other beginning at the conclusion of his current three-year suspension.

Pursuant to SCR 3.370(10), we hereby adopt the recommendation of the Board. Accordingly, IT IS HEREBY ORDERED:

1. Respondent, William T. Klapheke, II, is suspended from the practice of law in Kentucky for a period of one year for his violations in KBA File 8579 of SCR 3.130–1.16(d), SCR 3.130–1.4(a) and (b), SCR 3.130–3.4(c), SCR 3.130–8.1(b).

2. Respondent, William T. Klapheke, II, is suspended from the practice of law in Kentucky for a period of one year for his violations in KBA File 8597 of SCR 3.130–5.5(a) and SCR 3.130–8.1(b).

3. Each one-year suspension ordered above shall be concurrent·with the other and commence at the conclusion of his present three-year suspension.

4. In accordance with SCR 3.450 and SCR 3.480(3), Respondent is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $732.85 and for which execution may issue from this Court upon finality of this opinion and order.

LAMBERT, C.J., and COOPER, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

GRAVES and WINTERSHEIMER, JJ., would grant review.