KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Jamie Kay ROBERTS–GIBSON,
Respondent.

No. 2004–SC–0165–KB.

Supreme Court of Kentucky.

May 20, 2004.

**OPINION AND ORDER**

Jamie Kay Roberts–Gibson, Kentucky
Bar Association ("KBA") No. 84027, of
Louisville, Kentucky, was charged by the
Inquiry Commission with the following five
disciplinary violations:

1) SCR 3.130–5.5(a), practicing law
while suspended; 2) SCR 3.130–1.3, lack of
diligence and promptness in client repre-
sentation; 3) SCR 3.130–1.4(a), failure to
keep a client reasonably informed about
her case and failure to comply with a
reasonable request for information; 4)
SCR 3.130–8.3(c), conduct involving dis-
honesty, fraud, deceit, or misrepresenta-
tion by making repeated untruthful state-
ments to her client; and 5) SCR 3.130–
8.1(b), failure to knowingly respond to a
lawful demand for information from the
disciplinary authority.

In May 1995, Roberts–Gibson was hired
to represent the client in a personal injury
suit resulting from a car accident. Rob-
erts–Gibson repeatedly told the client that
the case was proceeding in an appropriate
manner. In June 2001, she told the client
she was leaving the practice of law and
would mail her the case file. The client
never received the case file and subse-
quently discovered that Roberts–Gibson
never filed her lawsuit and that the statute
of limitations had expired on her personal
injury claim. In December 2001, the client
filed a malpractice claim against Roberts–
Gibson and obtained a default judgment of
$89,500.

As a result of this lawsuit, the Inquiry
Commission initiated an investigation.
Roberts–Gibson was mailed a copy of the
Inquiry Commission's complaint on May 3,
2003. On June 6, 2003, the KBA Office of

Bar Counsel mailed her a letter reminding her of her duty to respond to the complaint under SCR 3.130–8.1(b) and alerting her to her failure to do so. That letter was returned to the Office of Bar Counsel as undelivered. On August 19, 2003, the Jefferson County Sheriff served Roberts–Gibson with a second copy of the Inquiry Commission's complaint. She again failed to respond, and another warning letter was mailed. Because the post office also returned this letter as undelivered, the Jefferson County Sheriff served her with a new copy of it on October 3, 2003. Roberts–Gibson has never filed a response to the Inquiry Commission's complaint.

This Court has previously suspended Roberts–Gibson four times for disciplinary violations. On January 3, 2001, she was suspended for failure to comply with her continuing legal education requirements. She was clearly aware of the suspension, as she wrote to the Executive Director of the KBA to inquire about the restoration process. However, she failed to notify her client of her suspension and continued to make representations that she was working on the personal injury claim.

During this period of suspension, we sanctioned Roberts–Gibson with an additional 181 day suspension for continuing to practice law while suspended, in violation of SCR 3.130–5.5(a); for misrepresenting her status as an attorney to the Jefferson Family Court and her clients, in violation of SCR 3.130–8.3(c); and for failing to respond to the Inquiry Commission's complaint, in violation of SCR 3.130–8.1(b). This sanction was imposed because Roberts–Gibson continued to act as a guardian ad litem in the Jefferson Family Court after her suspension in January of 2001. The decision was rendered February 20, 2003. *See Ky. Bar Ass'n v. Roberts–Gibson*, Ky., 97 S.W.3d 450 (2003).

On September 18, 2003, we suspended Roberts–Gibson for an additional three-year period for her conduct in another personal injury case, which is very similar to the case *sub judice*. In 1997, Roberts–Gibson was hired to represent a client in a personal injury action stemming from an automobile accident. She made repeated representations to the client that she was pursuing the claim and was in settlement discussions with the insurance company. However, there was no evidence that she filed any claim in the case or that any settlement negotiations took place. Roberts–Gibson continued to represent the client even after her license was suspended in January 2001. When the client discovered that Roberts–Gibson's license had been suspended, she requested her case file. Roberts–Gibson denied that her license had been suspended, stated that she was actively working on the claim, and failed to return the case file. She was subsequently charged with six disciplinary violations: 1) failing to exercise reasonable diligence and promptness in dealing with a client, in violation of SCR 3.130–1.3; 2) failing to keep her client reasonably informed about the representation and failing to respond to reasonable requests for information, in violation of SCR 3.130–1.4(a); 3) failing to provide the client with her case file after the termination of representation, in violation of SCR 3.130–1.16(d); 4) practicing law while suspended, in violation of SCR 3.130–5.5(a); 5) conduct involving fraud, dishonesty, deceit, or misrepresentation in violation of SCR 3.130–8.3(c); and 6) failing to respond to the Inquiry Commission's complaint, in violation of SCR 3.130–8.1(b). *See Ky. Bar Ass'n v. Roberts*, AKA *Roberts Gibson*, Ky., 114 S.W.3d 843 (2003).

On December 18, 2003, we added a two-year suspension to Roberts–Gibson's existing suspensions. We did so because she had accepted employment in June 2001 to draft and enter a Qualified Domestic Relations Order. Although Roberts–Gibson's

license was suspended at this time, she failed to inform the client of her suspension. She also failed to complete the domestic relations order, although she had accepted a $300 retainer fee. She was charged with five disciplinary violations: 1) SCR 3.130–5.5(a) (practicing law while suspended); 2) SCR 3.130–1.3 (lack of diligence and promptness); 3) SCR 3.130–1.14(a) (lack of communication with client); 4) SCR 3.130–8.3(c) (dishonesty, fraud, deceit, or misrepresentation); and 5) SCR 3.130–8.1(b) (failure to respond to Inquiry Commission's complaint). *See Ky. Bar Ass'n v. Roberts–Gibson,* Ky., 122 S.W.3d 69 (2003).

In the case *sub judice,* the Board of Governors of the KBA voted 18–0 for guilt on Charges 1–4. On Charge 5, the vote was 15–3 for guilt. The Board then voted 18–0 to permanently disbar Roberts–Gibson from the practice of law. She did not file a request pursuant to SCR 3.370(8) for review by this Court.

Upon the foregoing facts and charges, it is ordered that the recommendation of the Board of Governors be adopted. Therefore, it is ORDERED that:

1. Jamie Kay Roberts–Gibson is hereby permanently disbarred from the practice of law in Kentucky. This disbarment shall commence on the date of entry of this Order.

2. In accordance with SCR 3.450, Roberts–Gibson is directed to pay all costs associated with these disciplinary proceedings in the amount of $108.80, for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Roberts–Gibson shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her disbarment from the practice of

law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

4. Roberts–Gibson is also ordered to immediately cancel any and all advertising in which she may be engaged to the extent possible.

All concur.

ENTERED: May 20, 2004.

/s/ Joseph E. Lambert
  Chief Justice