ENTERED: June 20, 2013.

/s/ John D. Minton, Jr.

**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**Ronald E. THORNSBERRY,**
**Respondent.**

No. 2013–SC–000153–KB.

Supreme Court of Kentucky.

June 20, 2013.

## OPINION AND ORDER

Respondent, Ronald E. Thornsberry, KBA Member No. 85555,[1] has been charged in KBA File 20456 of violating Count I: SCR 3.130–5.5(a) (a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction); Count II: SCR 3.130–5.5(b) (a lawyer who is not admitted to practice in this jurisdiction, including a lawyer under suspension, shall not establish or maintain an office or other presence in this jurisdiction for the practice of law or hold out to the public or otherwise represent that he is admitted to practice law in this jurisdiction); Count III: SCR 3.130–8.1(b) (a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority"); and Count IV: SCR 3.130–8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), all arising out of Respondent's representation of a client in a divorce petition. The Board of Governors found Respondent guilty of Counts I, II and IV by a vote of 17–0, and not guilty on Count III. The Board recommends that Respondent be suspended from the practice of law for two years, to run consecutively to his current suspensions.

For the reasons explained below, we adopt the Board's findings of guilt on Counts I, II, and IV, and accept its proposed sanction of a two-year suspension from the practice of law, to run consecutively with his present suspensions.

---

1. Respondent maintains a bar roster address of 2220 Executive Drive, Suite 102, Lexington, Kentucky 40505.

## I. FACTUAL AND PROCEDURAL BACKGROUND

 Respondent was suspended from the practice of law on March 7, 2011 for failing to pay his Kentucky Bar Association dues for the July 1, 2010, to June 30, 2011 fiscal year. On June 21, 2011, while Respondent remained under suspension, Cretia Larkins retained Respondent and paid him $675.00 to represent her in a divorce proceeding. She signed the Petition for Dissolution of Marriage that day thinking that Respondent would file the petition that week. He did not. On September 6, 2011, Respondent informed Larkins by text message that he had filed her divorce petition, even though he had not. Sometime in the fall of 2011, Larkins became pregnant. At this point, Respondent advised her that she could not get a divorce while she was pregnant, even if the child did not belong to her husband.[2] In November of 2011, Larkins asked Respondent for a refund of the $675.00 she had paid him. He complied and refunded the money in January, 2012. Larkins filed a bar complaint against Respondent on December 8, 2011.

Respondent was informed of the charges by a letter dated January 11, 2012, and was advised that the Inquiry Commission required additional information regarding the complaint. Respondent did not file a response to the bar complaint. The Inquiry Commission issued the charges against Respondent on July 23, 2012, by notice, which was returned. The Fayette County sheriff later attempted service on Respondent to no avail. A second notice was sent via certified mail but was also returned. After these failed attempts, service was completed under SCR 3.175(2) by serving the Executive Director of the KBA. Respondent has failed to answer the charges, and so the case went to the Board as a default case pursuant to SCR 3.210.

As a result of his conduct in representing Ms. Larkins, the Board found Respondent guilty under Count I (SCR 3.130–5.5(a)) for undertaking legal representation of Larkins while he remained suspended for failure to pay bar dues; guilty under Count II (SCR 3.130–5.5(b)) for holding himself out to the public as admitted to practice law when, in fact, he was under suspension; and guilty under Count IV (SCR 3.130–8.4(c)) for engaging in acts of dishonesty, fraud, and deceit in his representations to Larkin regarding the progress of the divorce proceedings.

## II. ASSESSMENT OF GUILT

Having reviewed the record in this case and finding that the Board's conclusions are supported by the evidence, and because neither Respondent nor the KBA has filed for a notice of review in this Court, we adopt the Board's recommendations pursuant to SCR 3.370(9). SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

## III. ASSESSMENT OF PUNISHMENT

 As a result of the above violations, the Board recommended that Respondent

---

2. While it is unclear what Respondent's basis was for giving this advice, we note that KRS 403.150(2)(d) provides only that a petition for dissolution state whether the wife is pregnant; and KRS 403.150(7) provides that "[w]hen the wife is pregnant at the time the petition is filed, the court *may* continue the case until the pregnancy is terminated." (emphasis added).

be suspended for two years, to run consecutively with his pending suspensions.

We begin by noting that Respondent has a substantial prior disciplinary history. In addition to his suspension for failing to pay bar dues for the 2011 fiscal year, Respondent was also suspended for 30 days and ordered to attend the Ethics and Professionalism Enhancement Program on October 27, 2011 for violation of SCR 3.130–1.3, SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–3.4(c), SCR 3.130–5.5(a), SCR 3.130–1.16(d), SCR 3.130–8.1(a), and SCR 3.130–8.4(c); suspended for 61 days on May 21, 2012 for violation of SCR 3.130–1.3, 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–1.16(d) and SCR 3.130–8.1(b); and suspended for 181 days on September 20, 2012 for violation of SCR 3.130–1.3, 1.4(a)(3) and (4), SCR 3.130–1.4(b), SCR 3.130–1.16(d) and SCR 3.130–8.1(b).

Given that history and the seriousness of the present violations, the Board of Governors recommended that Respondent be suspended from the practice of law in the Commonwealth for two years, to run consecutively to his current suspensions.

In agreeing to and adopting the Board's disciplinary recommendation, we take notice that the two-year suspension imposed in this case is consistent with the two-year suspension imposed in *Kentucky Bar Association v. Roberts–Gibson*, 122 S.W.3d 69 (Ky.2003) (attorney received a two-year suspension to run consecutively with a current suspension for, among other violations, practicing law while suspended, where attorney also had an extensive disciplinary history, including three prior suspensions).

Accordingly, the Court hereby ORDERS that:

1) Respondent, Ronald E. Thornsberry, KBA Number 85555, is adjudged guilty of violating SCR 3.130–5.5(a), SCR 3.130–5.5(b), and SCR 3.130–8.4(c) as charged in KBA File 20456;

2) Respondent is suspended from the practice of law in Kentucky for two years, to run consecutively to all suspensions currently imposed;

3) Respondent shall, within ten (10) days of the date of this Opinion and Order, notify all courts in which he has matters pending, if any, and shall notify all clients for whom he is actively engaged in continuing litigation or similar legal matters, if any, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and shall provide a copy of all such letters to the Office of Bar Counsel;

4) Respondent shall, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $191.13, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 20, 2013.

/s/ John D. Minton, Jr.