**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**D. Anthony BRINKER, Respondent.**

**No. 2013–SC–000591–KB.**

Supreme Court of Kentucky.

Dec. 19, 2013.

See also, 324 S.W.3d 401, 377 S.W.3d 553, 397 S.W.3d 398.

## OPINION AND ORDER

JOHN D. MINTON, JR., Chief Judge.

The Board of Governors of the Kentucky Bar Association recommends that this Court publicly reprimand D. Anthony Brinker for violating Supreme Court Rule ("SCR") 3.130–8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Brinker, whose KBA member number is 07614 and whose last known bar roster address is 301 Pike Street, Covington, KY 41011, was admitted to practice law in this Commonwealth on October 1, 1982.

Brinker was suspended from the practice of law by this Court on October 21, 2010 for a violation of a Supreme Court Order requiring him to pay a $750.00 fine for failing to comply with continuing legal education ("CLE") requirements. As a result, Brinker had 10 days to notify all clients and courts in which he had pending cases of his suspension. Notices were filed, albeit outside of the 10–day time period. Judge Bartlett of the Kenton Circuit Court mailed a Notice to Dismiss for Failure to Prosecute to Brinker in a case in which he was counsel of record for the plaintiff. On April 18, 2012, Brinker filed with a the court a pleading styled "Request to Maintain Action" wherein he explained that he had been temporarily suspended from the practice of law, and that arrangements were being made for a successor attorney to take over the case. Judge Bartlett contacted the Office of Bar Counsel the following day, noting that Brinker continued to show his law office as his address and that he did not believe that Brinker had notified either opposing counsel or the client of his suspension.

The Inquiry Commission complaint was served on Brinker on July 13, 2012. The charge issued by the Inquiry Commission was served on Brinker on January 22, 2013. An amended charge was served by sheriff on May 28, 2013. Brinker failed to respond and no answer was filed. The charge alleged that Brinker violated SCR 3.130–5.5(a) for practicing law in violation of the regulation of the legal profession in the jurisdiction; SCR 3.130–1.16(a)(1) for failing to withdraw from the representation of a client when that representation will result in a violation of the Rules of Professional Conduct; and SCR 3.130–8.1(b) by failing to respond to the bar complaint. The Board of Governors ("Board") found Brinker not guilty of violating SCR 3.130–1.16(a)(1) and SCR 3.130–5.5(a) and guilty of violating SCR 3.130–8.1(b). Taking into account Brinker's prior discipline and the applicable law, the Board recommends that this Court publicly reprimand Brinker for his misconduct.

Brinker remains suspended for failing to pay a fine for CLE noncompliance. *See Kentucky Bar Association, CLE Commission v. Brinker,* 324 S.W.3d 401 (Ky.2010). Brinker received a private reprimand on June 17, 2011. On September 20, 2012, this Court suspended Brinker for one year for his violations of SCR 3.130–3.4(c); SCR 3.130–8.1(b); and SCR 3.130–8.4(c). *See Kentucky Bar Association v. Brinker,* 377 S.W.3d 553 (Ky.2012). On April 25, 2013, this Court suspended Brinker for one year, to run consecutive to his existing suspension for violations of SCR 3.130–5.5(a) and SCR 3.130–8.1(b). *See Kentucky Bar Association v. Brinker,* 397 S.W.3d 398 (Ky. 2013).

■ Brinker's apparent unwillingness to respond when issued a bar complaint is baffling considering his recent and repeated experiences with KBA proceedings. While we find Brinker's disciplinary history troubling, we agree with the Board's

determination that Brinker was not guilty of violating SCR 3.130–1.16(a)(1) and SCR 3.130–5.5(a). The appearance of his law firm's address on the pleading is insufficient to support a finding that Brinker was practicing law during his suspension. *But c.f. Kentucky Bar Association v. Thornsberry,* 399 S.W.3d 773 (Ky.2013) (suspended attorney who collected a fee and agreed to file a petition for divorce on behalf of the client was engaged in the unauthorized practice of law); *Kentucky Bar Association v. Knapp,* 845 S.W.2d 549 (Ky.1993) (an attorney who appeared in court while suspended was engaged in the unauthorized practice of law); *Kentucky Bar Association v. Klapheke,* 122 S.W.3d 64 (Ky. 2003) (an attorney who continued to represent an estate by corresponding with beneficiaries and preparing documents while suspended was guilty of engaging in the unauthorized practice of law). In fact, it appears as though Brinker attempted to comply with the notification and withdrawal requirements of his suspension by filing the "Request to Maintain Action" with the Kenton Circuit Court.

For the foregoing reasons, we dismiss Count I (SCR 3.130–1.16(a)(1)) and Count II (SCR 3.130–5.5(a)) of the Inquiry Commission's charge against Brinker and issue a public reprimand for his violation of SCR 3.130–8.1(b). Accordingly, the Court hereby ORDERS:

1. D. Anthony Brinker is publicly reprimanded for his violation of SCR 3.130–8.1(b);

2. Pursuant to SCR 3.450, D. Anthony Brinker is directed to pay all costs associated with these disciplinary proceedings, in the amount $279.27, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Counts I and II of the Inquiry Commission's charge are dismissed.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur.

KELLER, J., not sitting.

ENTERED: December 19, 2013.

/s/ John D. Minton, Jr.