TO BE PUBLISHED

𝔖upreme 𝔔ourt of 𝔎entucky

**FINAL**

2018-SC-000600-KB

DATE 2/26/19 Kim Redmon, DC

FRED GARLAND GREENE                                         MOVANT


V.                                   IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                          RESPONDENT


## OPINION AND ORDER

Movant, Fred Garland Greene, was admitted to the practice of law in the Commonwealth of Kentucky on September 1, 1972. His Kentucky Bar Association ("KBA") member number is 26890, and his bar roster address is P.O. Box 490, Russellville, KY 42276. Pursuant to SCR 3.480(2), he moves this Court to enter a negotiated sanction imposing a three-year suspension. The KBA has no objection. Finding this sanction to be the appropriate discipline for his misconduct, we grant Greene's motion.

### I. BACKGROUND

Greene has a history of prior discipline. He received private admonitions July 22, 1985, August 11, 2004, May 7, 2007, September 20, 2012, March 20, 2013, July 17, 2013, and July 17, 2017. He received a public reprimand and thirty-day suspension with conditions on November 21, 2012. Most recently,

Greene received a one hundred and eighty-one-day suspension with sixty-one-days probated for one year upon conditions on October 20, 2016.

The current case spans three consolidated KBA files which arise from a period when Greene was suspended from the practice of law. We will address each in turn.

## A. KBA 17-DIS-0044

Greene represented Mr. and Mrs. Damon Green in a property action during his suspension from the practice of law. Throughout this representation, Greene sent letters regarding the case to the clients, advising them on legal matters. He also sent a letter to counsel for the opposing party in a case in which he stated he had advised the clients.

The Inquiry Commission issued a two-count charge against Greene alleging violations of SCR 3.130(5.5)(a)(1) and SCR 3.130(3.4)(c). SCR 3.130(5)(a) reads: "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." SCR 3.130(3.4) reads: "A lawyer shall not: (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

Movant admits that he violated SCR 3.130(3.4)(c) by engaging in the practice of law in violation of his suspension order. He requests dismissal of the SCR 3.130(5.5)(a)(1) count. The KBA has no objection.

## B. KBA 17-DIS-0255

Greene's son, Jim Greene, and daughter-in-law, Lara Hunt, are attorneys licensed in the Commonwealth of Kentucky. In early 2017, Greene requested Jim and Lara to come to Russellville and discuss an opinion letter (dated in 2015) regarding one of his clients, Peggy Violett.

Jim, Lara, their child, and his friend met in Greene's law office with Violett, her two daughters and two sons-in-law on February 17, 2017. At the time of the meeting, Jim, Lara, and Violett were unaware that Greene was suspended from the practice of law.

Greene asked Lara to prepare an estate plan for Violett. After some correspondence regarding the matter, Lara learned that Greene was suspended from practice. Lara advised Greene she would no longer assist him in Violett's estate plan matter.

Violett met with Greene at his residence regarding the estate plan. Greene reviewed and discussed draft documents with Violett and told her to take the drafts with her, make changes, and return the drafts to him. Violett returned the documents to Greene with her changes.

On May 26, 2017, Violett visited Greene's law office where he and his administrative assistant were present. During this visit, four documents were executed: a will, a power of attorney, a trust, and a health care surrogate. One of the witnesses to the will was listed as William Sandlin. However, it was not William who signed the will but his wife, Joyce, Greene's assistant. Greene notarized William's purported signature on the will.

3

Further, Greene dated the will, power of attorney, trust, and health care surrogate as if executed on December 1, 2015. Per Greene's request, Violett wrote him a check for $2,500 after the documents were executed. Greene took the check to the bank and cashed it that day. On or about July 19, 2017, Violett received notice (via a letter from Lara) that Greene was suspended from the practice of law.

A bar complaint was filed against Greene concerning the above conduct. Greene filed a response in which he stated that prior to his suspension he had contacted his son, Jim, to assist with Violett's estate plan; that Jim indicated that he and his wife, Lara, would handle the situation; and that Jim and Lara were to prepare the documents. These statements were inaccurate. The Office of Bar Counsel sent Greene a letter and invited further response from Greene in light of the information and allegations in that letter. Greene provided the Office of Bar Counsel with a declaration in which he stated more than once he had told Violett of his suspension. This statement was also inaccurate. Greene returned the $2,500 to Violett.

The Inquiry Commission issued an eight-count charge against Greene, charging him with violations of SCR 3.130(3.4)(c), SCR 3.130(5.5)(a), SCR 3.130(5.7)(a)(1), SCR 3.130(5.7)(a)(5), two counts of SCR 3.130(8.4)(b), SCR 3.130(8.4)(c), and SCR 3.130(8.1)(a).

SCR 3.130(3.4) reads: "A lawyer shall not: . . . (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Greene admits that his conduct,

4

continuing to practice law in the Violett estate planning matter after his suspension, violated this rule.

SCR 3.130(5.7)(a) reads: During a period of suspension a suspended lawyer may not perform any of the following acts: . . . (5) receive, disburse, or otherwise handle a client's funds." Greene admits that he violated this rule by receiving or otherwise handling $2,500 from Violett while suspended from the practice of law.

SCR 3.130(8.4) reads: "It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Greene admits he violated this rule by meeting with Violett on the occasions detailed above and not telling her he was suspended from the practice of law; failing to tell Lara he was suspended from the practice of law; notarizing Violett's will, trust, power of attorney, and health care surrogate with a date of December 1, 2015, when Violett signed those documents in Greene's presence on or about May 26, 2017; and taking $2,500 from Violett either for legal services he could not lawfully render due to his suspension from practice or by failing to forward those funds to the attorney or attorneys who rendered such services.

SCR 3.130(8.1) reads: "An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: (a) knowingly make a false statement of material fact." Greene admits he violated this rule by knowingly making false statements of material fact in connection with a disciplinary matter, as

5

specified above, when responding to the Inquiry Commission complaint and the Office of Bar Counsel regarding the Violett matter

Greene asks that three counts be dismissed and the KBA has no objection. Specifically, those counts concern violations of SCR 3.130(5.5)(a),[1] SCR 3.130(5.7)(a)(1),[2] and SCR 3.130(8.4)(b).[3]

## C. 17-DIS-0300

On or about February 27, 2017, Natali Monrroy paid Greene $800 in cash to represent her in a pending domestic relations matter. He did not deposit the cash into an escrow account and was suspended from practice at the time. Greene repaid the cash to Monrroy.

The Inquiry Commission charged Greene with violations of SCR 3.130(1.15)(a) and SCR 3.130(5.7)(a)(5).

SCR 3.130(1.15)(a) reads:

A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar

---

[1] SCR 3.130(5.5)(a) reads: "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

[2] SCR 3.130(5.7)(a) reads: "During a period of suspension a suspended lawyer may not perform any of the following acts: (1) render legal consultation or legal advice to any person."

[3] SCR 3.130(8.4) reads: "It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

Greene admits that he violated this rule by failing to deposit the cash into an escrow account.

SCR 3.130(5.7)(a)(5) reads: "During a period of suspension a suspended lawyer may not perform any of the following acts: . . . (5) receive, disburse, or otherwise handle a client's fund." Greene admits that he violated this rule by receiving or handling $800 from Monrroy while he was suspended from the practice of law.

## II. ANALYSIS

In agreeing to the negotiated sanction, the KBA cites three cases in support of its adequacy: *Kentucky Bar Association v. Thornsberry*, 399 S.W.3d 773 (2013), *Kentucky Bar Association v. Brinker*, 377 S.W.3d 553 (2012), and *Kentucky Bar Association v. Roberts*, 114 S.W.3d 843 (2003).

In *Thornsberry*, the attorney had been suspended from the practice of law for failure to pay dues. 399 S.W.3d at 775. Thornsberry was hired to represent a client in a divorce action. *Id.* He advised the client that he had filed the petition for divorce, though he had not. *Id.* This Court held that a two year suspension was appropriate for violations of SCR 3.130(5.5)(a) (undertaking legal representation while suspended), SCR 3.130(5.5)(b) (holding himself out to be a lawyer while suspended), and SCR 3.130(8.4)(c) (dishonesty, fraud, deceit or misrepresentation). *Id.*

7

In *Brinker,* this Court adopted the Board's recommendation of a one-year suspension. 377 S.W.3d at 555. Brinker had mishandled client funds and was ordered to return $7,500 to his firm's IOLTA account and pay $1,500 in sanctions. *Id.* The Board charged Brinker with violating SCR 3.130(3.4)(c) (knowingly disobeying an obligation of the rules of a tribunal), SCR 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from an admission or disciplinary authority), and SCR 3.130(8.4)(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). *Id.*

In *Roberts-Gibson,* the attorney was hired to represent a client on a contingent fee arrangement in a personal injury action. 114 S.W.3d at 844. The client was advised the suit had been filed and Roberts-Gibson made representations that she had discussed settlement and rejected a specific offer. *Id.* However, there was no evidence that Roberts-Gibson ever filed a suit regarding the matter or that Roberts-Gibson negotiated with any opposing counsel or other person regarding settlement. *Id.*

In January 2001, Roberts-Gibson was suspended from the practice of law for failure to comply with legal education requirements but failed to tell the client about the suspension. *Id.* The client requested her case file when she learned of the suspension. Roberts-Gibson denied that her license had been suspended, stated she was actively working on the claim, and failed to return the case file. *Id.* Further, on February 20, 2003, this Court suspended Roberts-Gibson for 181 days on additional violations. *Kentucky Bar Association v. Roberts-Gibson,* 97 S.W.3d 450 (2003).

8

In the September 2003 order cited by the KBA, Roberts-Gibson was charged with 1) failing to exercise reasonable diligence and promptness in dealing with a client, in violation of SCR 3.130(1.3); 2) failing to keep her client reasonably informed about the representation and failing to respond to reasonable requests for information, in violation of SCR 3.130(1.4)(a); 3) failing to provide the client with her case file after the termination of representation, in violation of SCR 3.130(1.16)(d); 4) practicing law while suspended, in violation of SCR 3.130(5.5)(a); 5) conduct involving fraud, dishonesty, deceit, or misrepresentation in violation of SCR 3.130(8.3)(c); and 6) failing to respond to the Inquiry Commission's complaint, in violation of SCR 3.130(8.1)(b). This Court held that a three-year suspension was appropriate.

In review of this Court's precedent, we agree with the terms of the parties' negotiated sanction.

### III.    ORDER

Agreeing that the negotiated sanction is appropriate, it is ORDERED that:

1. Greene is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is suspended from the practice of law in Kentucky for a period of three years, retroactive to March 1, 2017. Specifically, the violations of SCR 3.130(3.4)(c), SCR 3.130(5.7)(a)(5), SCR 3.130(8.4)(c), SCR 3.130(8.1)(a), SCR 3.130(5.7)(a)(5) and SCR 3.130(1.15)(a).

2. The charges related to violations of SCR 3.130(5.5)(a)(1), SCR 3.130(5.5)(a), SCR 3.130(5.7)(a)(1), and SCR 3.130(8.4)(b) are dismissed.

3. The period of suspension shall be retroactive to March 1, 2017, and shall continue until he has complied with the requirements of this opinion and order and is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

4. If he has not already done so, pursuant to SCR 3.390, Greene shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which Greene has matters pending. Greene shall simultaneously provide a copy of all such letters to the Office of Bar Counsel.

5. If he has not already done so, pursuant to SCR 3.390, Greene shall immediately cancel any pending advertisements; shall terminate any advertising activity for the duration of the term of suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated;

6. Pursuant to SCR 3.390, Greene shall not, during the term of suspension, accept new clients or collect unearned fees; and

10

7. In accordance with SCR 3.450, Greene is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,042.14, for which execution may issue from this Court upon finality of this Opinion and Order.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur.

ENTERED: February 14, 2019.

CHIEF JUSTICE

11